## LUSK vs. SMITH.

*Interest on balance of account, after offer of payment.*

Where defendant, on demand of payment of balance on account, offered to pay the amount actually due, but plaintiff refused it, claiming a larger sum, he cannot recover interest from the date of such demand and offer to the commencement of the suit.

APPEAL from the Circuit Court for *Dane* County.

Action commenced in a justice's court, November 16th, 1864, for $45.09, balance of account. Answer, that defendant had paid $40, July 4, 1863, not credited in plaintiff's bill. The justice, in December following, rendered a judgment in plaintiff's favor for the whole amount claimed; and defendant appealed. On the 21st of March, 1865, plaintiff offered, in writing, to allow judgment to be taken against him in the circuit court for $5.09, with interest from November 16, 1864, and costs. The trial in the circuit court was had in December, 1865; and the substance of the evidence, and the instructions given, are stated in the opinion, *infra*. Verdict for plaintiff for $5.78. Defendant filed his offer of judgment aforesaid, with proof of service and non-acceptance, and procured an order on plaintiff to show cause why the verdict should not be amended, so as to specify the amount allowed for interest between 21st December, 1863, and 16th November, 1864; and why judgment should not be in plaintiff's favor for the balance of said verdict, with costs *to the time of said offer*, and in defendant's favor for costs subsequent to the offer. Motion denied, and judgment on the verdict, with full costs for plaintiff; from which judgment, defendant appealed.

*Spooner & Lamb*, for appellant, to the point that plaintiff was not entitled to interest previous to the demand on defendant for $45.09, and his offer to pay $5.09, because he did not ask it *then*, and that he could not recover interest for the period subsequent to the offer, cited *Goff v. Rehoboth*, 2 Cush., 475, and *Suffolk Bank v. Worcester Bank*, 5 Pick., 106, 110, 111, and cases there cited; *Doyle v. St. James's Church*, 7 Wend., 178; and *Wood v. Hickock*, 2 id., 504. To the point that the court erred in refusing to disregard a part of the verdict, they cited *Roulain v. McDowall*, 1 Bay, 490; *Hay v. Ousterout*, 3 Ham., 384; *Pendleton v. Vandervier*, 1 Wash., 381; *Matheson v. Grant*, 2 How. (U. S.), 263; *Scott v. Galbraith*, 1 Dallas, 134; *Foster*

*v. Caldwell*, 18 Vt., 176 ; *Hepburn v. Dundas*, 13 Gratt., 219 ; *Bank v. Condy*, 1 Hill (S. C.), 209.    They also contended that if interest had been allowed in accordance with the law, the plaintiff would have " failed to obtain a more favorable judgment" than that offered, and the defendant would be entitled to costs after the offer, under ch. 97, Laws of 1858.    See R. S., ch. 120, sec. 217 ; Laws of 1864, ch. 262 ; *Dressler v. Davis*, 12 Wis., 60–61 ; *Lowe v. Stringham*, 14 id., 225 ; *McHugh v. Timlin*, 20 id., 487.    Said ch. 97 is to be construed according to the rule in *Buckstaff v. Hanville*, 14 Wis., 78–79.

*Hopkins & Foote*, for respondents :

1. Where an account is not *mutual*, though it has not been liquidated, interest is chargeable from a reasonable time after the advancements were closed.    *Selleck v. French*, 1 Conn., 32 ; *McMahon v. N. Y. & E. R. R.*, 20 N. Y., 463 ; *Van Rensselaer v. Jewett*, 2 Coms., 135.    A sale of goods is presumed to have been for cash unless the giving of a credit is proven, and interest is chargeable from the sale and delivery.    *Shields v. Henry*, 31 Ala., 53 ; *Waring v. Henry*, 30 id., 721.    Even where there is an open account, after a *demand*, interest may be recovered on the amount due, from the time of demand. *Livermore v. Rand*, 6 Fost., 85 ; *McIlvaine v. Wilkins*, 12 N. H., 474 ; *Barnard v. Bartholomew*, 22 Pick., 291 ; *Gray v. Van Amringe*, 2 W. & S., 128.    Defendant's offer to pay the $5.09 did not stop interest ; he should have made a *tender*.    *Hummel v. Brown*, 24 Pa. St., 310.    It is in the discretion of the jury to allow interest on any open account by way of damages for the detention of the debt (*Houston v. Crutcher*, 31 Miss., 51) ; and where, in such a case, the judge instructed the jury as a matter of law that they should allow interest, judgment will not be reversed, although it was in their discretion whether to allow it or not.    *Close v. Fields*, 13 Texas, 623.    2. The amendment of the verdict asked would have been a *substantial* change,

such as a judge cannot make, though he may amend as to a *formal* defect. *Bemus v. Beekman*, 3 Wend., 667.

COLE, J. In view of the facts disclosed in the evidence in this case, we think the court below erred in directing the jury, as a matter of right, to allow the plaintiff interest upon the $5.09, from the 21st of December, 1863. The suit was brought to recover the balance due on an account for lumber sold at various times. It appears there was a dispute between the parties as to the just amount due on the account. They made an effort to settle on the 21st of December, 1863, or about that time, when the plaintiff claimed that there was $45.09 still due on the account, and the defendant insisted that there was only $5.09, and that he had made a previous payment of $40, with which he had not been credited. At this time the defendant swears he offered to pay the $5.09, the balance of the account, if he were credited the $40 which he claimed he had paid, but the plaintiff's agent refused to take that amount, and insisted on being paid $45.09. The defendant further states in his testimony, that the plaintiff never demanded any interest of him, and that nothing was said upon that subject. On the trial, the counsel for the plaintiff conceded that under the proof there must be deducted from the amount claimed due in the bill of particulars the sum of forty dollars paid by the defendant on the 4th of July, 1863, as shown by his testimony. And the circuit court instructed the jury, that even under this state of facts, interest must be allowed on the $5.09 from the 21st of December, 1863.

It is not claimed that there was any evidence tending to prove a contract to pay interest upon this account from any period; nor was any custom shown or course of dealing between the parties, from which a contract to pay interest might be inferred. Neither do we think there was shown any such

demand and refusal to pay the amount due, as would author-ize the court to say, as a matter of law, that such amount bore interest from the time the parties attempted to settle. At this time, it will be remembered, the defendant offered to pay all that was afterwards admitted or proved to be due. Now it may be a very sound principle, when the amount due upon an account is ascertained or not in dispute, to allow interest upon it as of course after demand and refusal. In such a case, the amount that ought to be paid is sufficiently ascertained to put the party in default for not paying, and render him liable for interest. But not so where an excessive amount is demanded, and the debtor offers to pay all which he ought to pay. In the case of *Goff vs. the Inhabitants of Rehoboth*, 2 Cush., 475, C. J. SHAW lays down the rule, that the demand of payment of a running account, in order to lay the foundation of a claim for interest, must be a separate demand of a debt or sum which is afterwards proved or admitted to be due, and not a demand for such a debt or sum together with another which is afterwards proved or admitted not to be due. The rule has much reason and justice to support it. See like-wise *Wood vs. Hickok*, 2 Wend., 501; *Doyle, Adm'r &c., vs. St. James' Church*, 7 id., 179. Here the principal, or rather the only item in controversy, when the parties attempted to settle, was, whether the defendant should be credited with the payment of $40, which he claimed to have made. He was entirely willing then to pay $5.09, but the plaintiff would not accept that sum in payment of the account. Under such circumstances, we think it incorrect to say the plaintiff had a right, as a matter of law, to interest upon the balance found due from that time.

It was suggested on the argument by the counsel for the ap-pellant, that if we should be of the opinion that the ruling of the circuit court was erroneous in respect to the interest, we should reverse the judgment and remand the case with instruc-tions for that court to render judgment in accordance with the

motion made by him. It would doubtless be competent for this court to send the cause down with such instructions; but we think it better to order a new trial. ·

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.