Marsh vs. Fraser.

Upon the case presented by the record, we must affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.

MARSH VS. FRASER.

37  149
77  555

37  149
81  232

37  149
84  250
84  531

37  149
†103  183
103  184
103  185
103  188

37    149
117    ¹663

ACCOUNT. (1) *Open, unliquidated, does not carry interest, unless so agreed.*
QUANTUM MERUIT. (2, 3) *Action on. Interest not allowable, when no account rendered, or settlement sought.*

1. It is a general rule, that an open, unliquidated demand for goods or services, or both, where no account has been rendered and no demand of payment made, does not carry interest, in the absence of any agreement to that effect.
2. In an action on a *quantum meruit*, for labor and materials, where there was no agreement for interest, and no account had been rendered, nor attempt made at a settlement, before the action was brought, and where the labor and materials did not even appear to have been charged on plaintiff's books, it was error to instruct the jury that they might allow plaintiff interest from the time the labor was performed and materials furnished.
3. *Selleck v. French*, 1 Conn., 32, doubted; but this case does not even come within the decision in that, by reason of the absence here of any book account.

APPEAL from the County Court of *Milwaukee* County.

Action for work, labor and services, and materials furnished in and about moving a building, for which the plaintiff alleges that defendant became indebted to him in the sum of $100. The bill of particulars amounted to $95.50. Answer, that the work was done under a special agreement that the price should be $30, and that plaintiff had not fully performed the agreement; and counterclaim of damages for nonperformance. The evidence was conflicting ; and some of it tending to show that the services were worth more than charged, and that some work was done, not specified in the bill of particulars, the plaintiff's

motion to increase the *ad damnum* clause in the complaint, and to amend his bill of particulars by adding an item of $17 for excavation, was granted, and the amendments were made. The evidence does not show that any account was rendered of the work before suit brought; the only testimony upon that point being that of the plaintiff, that he remembers asking defendant for the pay, who sent him to Cleaver, the man from whose lot the building was moved.

The court instructed the jury, that, to whatever sum they might find for the plaintiff, they might add interest from the time the work was done and materials furnished, and refused an instruction, asked by defendant, that if they found that the work was done, etc., in pursuance of a general request without price or time of payment having been agreed upon, and that the claim had not been liquidated before suit brought, they were not to allow interest upon the amount they might find due the plaintiff.

Verdict for plaintiff for $161.60, and from judgment thereon the defendant appealed.

*A. C. Fraser*, appellant, in person, to the point, that an unliquidated account does not carry interest, cited *Walden v. Sherburne*, 15 Johns., 409; *Reid v. Rensselaer Glass Factory*, 3 Cow., 393, 399; *S. C.*, 5 id., 587; *Tucker v. Ives*, 6 id., 193; *Wood v. Hickock*, 2 Wend., 501; *Doyle's Adm'rs, v. St. James' Church*, 7 id., 179; *Still v. Hall*, 20 id., 51; *Esterly v. Cole*, 1 Barb., 235; *McKnight v. Dunlop*, 4 id., 36; *Beers v. Reynolds*, 12 id., 288; *Holmes v. Rankin*, 17 id., 454; *Rawson v. Grow*, 4 E. D. Smith, 18; *Davis v. Walker*, 18 Mich., 25.

*R. N. Austin*, for respondent, argued that the jury might allow interest on amount due at the time of completion of the work. *Vaughan v. Howe*, 20 Wis., 497. When an account is mutual, though it has not been liquidated, interest is chargeable. *Selleck v. French*, 1 Conn., 32; *McMahon v. New York and Erie R. R. Co.*, 20 N. Y., 463. Work and labor are presumed to be done for cash at the time of completion.

*Shields v. Henry,* 31 Ala., 53; *Waring v. Henry,* 30 id., 721; *Lusk v. Smith,* 21 Wis., 27.

RYAN, C. J. The complaint goes substantially upon a *quantum meruit* for labor and materials, and the respondent's evidence was in strict conformity with the complaint in this respect. The answer set up a special agreement for price. But the verdict followed the complaint, going far beyond the special price of the answer.

It does not appear that the respondent rendered any account before suit brought. He testified that he had asked the appellant for his pay; but that is too indefinite to aid any view of the case. Indeed the respondent, by leave of the court, amended his bill of particulars, on the trial, by adding to it a considerable item. We must therefore consider the respondent's cause of action as an unliquidated *quantum meruit,* for which no account had been rendered, and of which there had been no attempt at settlement, before the action was brought.

The learned judge of the court below instructed the jury, that they might add to the respondent's damages interest from the time the labor was performed and the materials furnished.

In any view of the authorities, we must hold this to be error. On the subject of interest on open accounts other than for money, without agreement for interest, we know of no case which goes further than *Selleck v. French,* 1 Conn., 32 : a case which we should be reluctant to follow to its full length. " Where articles are delivered, or services performed, and charged on book, and no time of payment agreed on; yet if it appeared from the nature of the transaction that they were to be paid for in a reasonable time, and not to rest on book as a mutual account; then, if payment be unreasonably delayed; interest will be recoverable as damages, though partial payments have been made, and the account has not been liquidated." In such a case, we should hesitate to say that there had been a breach of the contract to pay, before the account had been rendered and payment demanded. It is not easy to com-

prehend how a reasonable time for payment of an account could have passed, before the person having the account has thought a reasonable time come to demand payment of it. But the case before us does not come even within the rule in *Selleck v. French*. It is not a case of book account. The respondent's claim does not appear to have been charged in his account books. No reduction of the claim to the form of an account, before the filing of the bill of particulars, appears in the case. On the respondent's own showing, it appears to be an open claim for labor and materials, *quantum valebant*, without any process looking towards liquidation, before suit brought.

Where there is no agreement for interest, express or implied, it is allowed by law, as a rule, only by way of damages for breach of contract. Hence at common law, where no time of payment was fixed, a demand and refusal of payment was generally necessary to the recovery of interest. And it was not allowed on unliquidated demands. This rule has been modified in some particulars. But the better rule sanctioned by modern authorities is, that in the absence of agreement for interest, an open, unliquidated demand for goods or services, does not carry interest. The subject was very elaborately considered, and this rule, held in *Reid v. Glass Factory*, by the old supreme court of New York, in 3 Cowen, 393, and by the court of errors in 5 Cowen, 587. *Van Rensselaer v. Jewett*, 2 Com., 135, as explained in *McMahon v. Erie R. R. Co.*, 20 N. Y., 463, makes a change in the application of the rule, but cannot be taken to impair the rule itself. "The old common law rule, which required that a demand should be liquidated or its amount in some way ascertained, before interest could be allowed, has been modified by general consent, so far as to hold that if the amount is capable of being ascertained by mere computation, then it shall carry interest. And this court, in the case of *Van Rensselaer v. Jewett*, went a step farther, and allowed interest upon an unliquidated demand, the amount of which could be ascertained by computation, together with a

reference to well established market values : because such values in many cases are so nearly certain, that it would be possible for the debtor to obtain some proximate knowledge of how much he was to pay. That case went, I think, as far as it is reasonable and proper to go in that direction."

We shall not now say whether this court would go as far, because the question is not now before us. We shall only hold, as a rule governing this case and as a general rule, that an open, unliquidated demand for goods or services, or both, where no account has been rendered and no demand of payment made, does not carry interest.

This rule is in entire accord with *Lusk v. Smith*, 21 Wis., 27, and is supported by all that is said in that case.

It is impossible to determine how much of the damages found by the jury were for principal, and how much for interest, so that a remittitur could cure the verdict. The judgment of the court below must be reversed, and the cause remanded for a new trial.

*By the Court.*—It is so ordered.