Shipman vs. The State.

SHIPMAN vs. THE STATE.

APPEAL TO SUPREME COURT. *(1) Bill of exceptions.*
DAMAGES. *(2-4) When interest recoverable.*
CONTRACTS. *(5) Ratification.*

1. Without a bill of exceptions, rulings on the trial as to the admission of evidence cannot be reviewed here.
2. On the amount due plaintiff *by the terms of his contract* (according to a former decision herein, 42 Wis., 377), he is entitled to *interest* from the time of his discharge as building superintendent of the Northern Hospital for the Insane — that amount having been capable of ascertainment by computation.
3. Where a party's right to compensation under a contract is doubtful, and is contested on reasonable grounds, and the amount due him requires to be determined by suit, interest will not be allowed for the time preceding such determination of the right of recovery and the amount due.
4. Thus, on the amount awarded plaintiff by the jury as the value of his plans, etc., for that part of the hospital building not erected under his superintendence, interest should be allowed only from the verdict; especially as his claim, rejected by the legislature, was for a greater sum than he was entitled to.
5. The board in charge, and thereto authorized, having, at a regular meeting, adopted a plan for surface drainage of the grounds, etc., previously prepared by plaintiff at the request of individual members of said board, and having ordered him to contract for the work according to such plan, this entitled him to recover the value of the plan.

ACTION in this court to recover for plans, specifications and drawings, furnished by plaintiff for the Northern Hospital for the Insane, and for his services in superintending the con

Shipman vs. The State.

struction of said hospital. Former decisions in the cause will be found in 42 Wis., 377–391, and 43 id., 381–392, where the pleadings are fully stated. After the latter of these decisions, the cause was again sent to the circuit court for Dane county for a trial of the questions of fact. The jury found as follows: That plaintiff, in fulfillment of his contract with the building commissioners, prepared and furnished plans, specifications and working drawings as alleged in the complaint; that the plans so prepared were adopted by the board of building commissioners, and approved by the governor; that all the buildings of said hospital, except the south wing, were constructed, according to such plans, specifications and working drawings, under plaintiff's superintendence, and in accordance with the contract; that the total cost of construction of all said hospital buildings built under plaintiff's superintendence, was $316,500; that the board of trustees continued plaintiff in service as superintendent of construction until March 26, 1874, and then discharged him from such service; that, subsequent to his discharge, the south wing was constructed to completion on or before January 1, 1876, at a cost of $170,000; that the proportionate and fair value of the plans, specifications and working drawings furnished by plaintiff for the south wing was three per cent. of the cost of construction; that the amount remaining due to plaintiff, under the contract, for his entire services upon the buildings completed under his superintendence and previous to his discharge, without interest, was $1,100.47; that this amount with interest from the date of his discharge was 1,414.89; that the same amount with interest from March 1, 1876, was $1,259.82; that the value of the plans, specifications and detailed drawings furnished by the plaintiff for the south wing, without interest, was $5,100; that such value with interest from March 1, 1876, was $5,838.79; that plaintiff procured the printing mentioned in the second cause of action to be done at the request of the board of building commissioners, and board of trustees, and was entitled to

recover upon that cause of action $114, if anything; and that the facts in respect to the third cause of action were as follows: After several conversations between plaintiff and different members of the board in respect to it, one of the board directed the plaintiff to prepare a plan of the grounds about the hospital, laying out roadways and footways, and giving a plan for surface drainage. Plaintiff did prepare plans and perform the labor and services mentioned in the third cause of action, and subsequently laid such plans before the board of commissioners at a meeting thereof; and the latter, without any direct action either approving or repudiating plaintiff's work in making them, ordered plaintiff to cause a contract to be made for the surface drainage of said grounds outside of the hospital buildings according to said plans, and the same was done accordingly; but no direction was made by the board in regard to building walks or roadways. If, upon these facts, the court should be of opinion that plaintiff ought to recover upon said cause of action, the jury assessed his damages therefor at $150. As to all issues not specially included in the above findings, the jury found for the plaintiff.

Upon the return of this verdict with the record in the cause, to this court, plaintiff's attorneys moved here for a judgment against the defendant for the several sums assessed by the jury, with interest as demanded in the complaint, or for such judgment upon said verdict and record as the court should deem just, with costs.

A brief was filed in support of the motion by *Vilas & Bryant*, and the cause was argued orally by *W. F. Vilas*.

*The Attorney General, contra.*

COLE, J.   I.   The only material question to be considered on the motion for judgment on the special verdict is the one which relates to interest.   On the argument, the learned attorney general discussed some questions in regard to the rulings of the circuit court on the trial, admitting or excluding evi-

dence. But as no bill of exceptions was settled, as there should be *(Calkins v. The State,* 13 Wis., 389) to present these rulings to this court for review, they cannot be considered. 'In respect to the claim remaining due and unpaid under the contract for plans, specifications and services as superintendent, there is no difficulty as to what interest should be allowed. The contract fixed five per cent. on the cost of construction as the amount of compensation for this entire service. The jury found that there was due the plaintiff, when discharged as superintendent, on this basis, the sum of $1,100.47. Interest should be allowed on that sum from the time of the plaintiff's discharge, because the amount due him was capable of being ascertained by computation. Upon the facts, therefore, we think it a violation of no sound principle to allow interest on this item or claim as above indicated.

II. The jury found the fair value of the plans, specifications and working drawings furnished by the plaintiff for the south wing, to be three per cent. on the cost of construction, and that, without interest, this claim amounted to $5,100. It is insisted by plaintiff's counsel that this sum should carry interest from the time the south wing was completed, because the amount due was capable of being ascertained, and the plaintiff had presented his claim to the legislature, and payment thereof was not made. On the demurrer to the complaint, it was decided that the plaintiff could recover the value of his plans and specifications for the work which he did not superintend, on a *quantum meruit.* 42 Wis., 377. But this demand was an unliquidated one, and the value of the services for furnishing plans and specifications could only be ascertained upon proof, or the testimony of architects. Within the doctrine laid down in *Marsh v. Fraser,* 37 Wis., 149, this claim would not carry interest. In that case, an action was brought upon an open and unliquidated account for goods and services, where no account had been rendered and no demand of payment made. It was decided that the account did not

carry interest, in the absence of an agreement for interest. The principle of that case is decisive of the question of interest in respect to the claim we are considering. But it was said that, when the plaintiff applied to the legislature for payment of this demand, it was the duty of that body to ascertain the amount due him, and pay it. The same remark might be made, with equal propriety, with respect to any debtor: that he ought to adopt means to ascertain the amount he owes his creditor, and pay it. But as between individuals, the better rule of law is, that when the right of the party to recover his compensation under the contract is doubtful, and is contested on reasonable grounds, and the amount due him requires to be adjusted by proceedings in the suit, interest is only recoverable after the right of the party to recover, and the amount of the recovery, have been determined. *The Isaac Newton,* 1 Abb. Adm. R., 588. We see no reason why the same rule should not be applied here. Besides, it must be borne in mind that not only was the right of the plaintiff to recover this demand contested, but the plaintiff claimed of the legislature five per cent. on the cost of constructing the south wing. In other words, he demanded more than his services were worth as found by the jury, and for that reason, also, interest on this claim should only be allowed from the time of the verdict.

III. As to the claim for printing mentioned in the second cause of action, the jury found that this expense was incurred at the request of the building commissioners and board of trustees. Of course the plaintiff should recover what the printing cost. This seems too plain for argument.

IV. The facts found in respect to the third cause of action amply sustain the plaintiff's right of recovery on that claim. That was for services in furnishing a plan of the grounds for surface drainage, roadways, etc. The value of this service is not disputed; but it is objected by the attorney general, that the board collectively did not order this work. But the facts

found show that the board, at a regular meeting, adopted the plan, and ordered the plaintiff to enter into a contract for carrying it out, which was done. This surely amounted to a full ratification and adoption of the plan by the board.

*By the Court.* — Judgment will be entered on the special verdict for the amount found due the plaintiff according to this opinion.