Martin vs. The State.

MARTIN vs. THE STATE.

*February 8 — March 2, 1881.*

STATUTE CONSTRUED. *(1) Commission to determine plaintiff's claim against the state: Award not valid, except as approved by secretary of state.*

EVIDENCE. *(2) Of what acts of public officer the court takes judicial notice.*

INTEREST: *(3) When not allowed on claim.*

1. Ch. 243 of 1873, as amended by ch. 152 of 1874, provided for a commission to determine the amount which should be paid plaintiff on a certain claim made by him against the state, and declared that, upon a report made and certified by a majority of the commissioners to the secretary of state, awarding any sum in satisfaction of said claim, "*and on his (the secretary's) approval thereof,* he shall draw his warrant on the state treasurer for the amount so awarded." *Held,* that the award of the commission was not valid without the approval of the secretary; and a complaint for the recovery of an unpaid balance of the sum awarded, failing to allege the fact of such approval, does not state a cause of action.

2. The action of the secretary upon the award appears in *State ex rel. Martin vs. Doyle,* determined by this court (38 Wis., 92), and is a public record in the office of the secretary of state. *Held,* that the court may probably take judicial notice of it.

3. The commissioners awarded plaintiff a certain sum with interest from the date of the transaction upon which the claim was based. The secretary approved of the award only to the amount of the principal sum with in-

terest from the date of plaintiff's application to the legislature to the date of the award; and that amount was paid. *Held,*

(1) That upon the rules which govern courts in allowing interest, as the claim was not liquidated before the date of the report, interest would not have been recoverable thereon.

(2) That it is doubtful whether the commissioners were authorized by the acts above named to disregard the rules of law in this or any other respect. But it was not necessary to determine this question.

This action was brought in this court to recover an unpaid balance of an award in favor of the plaintiff, made pursuant to chapter 243, Laws of 1873, as amended by chapter 152, Laws of 1874.

The complaint alleges " that heretofore, to wit, on the 14th day of May, 1851, the plaintiff entered into a contract in writing with the defendant for the improvement of the Fox river in said state; that by reason of the failure of the defendant to perform said contract on its part to be performed, the plaintiff was put to and sustained great damage; that the plaintiff, after repeated efforts to settle with the defendant for his said damage without avail, offered to submit the matter to a commission of arbitration for adjustment, whereupon the legislature of said defendant state enacted a law authorizing and requiring the governor to appoint three disinterested persons, residents of the state, to hear, try and determine the claim of the plaintiff; that said commissioners, or a majority of them, were by said acts of the legislature duly authorized and empowered to make such award as they might deem just and equitable (see chapter 243, Gen. Laws of 1873, and chapter 152, Gen. Laws of 1874); that under and pursuant to said acts three commissioners were duly appointed, and, after duly qualifying, proceeded to hear, try and determine said claim; that on or about the 26th day of June, 1874, said commissioners, or a majority of them, as authorized by said acts, made and certified their findings and report to the secretary of state, and duly filed the same in his office, on the 27th day of June, 1874, by which findings and report the said commissioners

awarded to the plaintiff the sum of $24,678.56, in full satis-
faction of his said claim (a copy of which findings and report
is hereto annexed, made a part hereof, and marked Exhibit A);
that upon the making and filing of said report by said com-
mission, the plaintiff duly demanded the payment thereof,
which was refused, and no part thereof has been paid except
the sum of $10,975.16, which was paid by the defendant to
the plaintiff on or about the first day of July, 1874, leaving a
balance still due and unpaid of $13,704.40; and that the plaintiff
has repeatedly applied to the legislature for the allowance and
payment of the balance of his said claim so found due and
awarded to him, which said applications have been refused.
Wherefore the plaintiff demands judgment against the defend-
ant for the sum of $13,704.40, the balance of said award as
aforesaid, with interest thereon from the 26th day of June,
1874, at the rate of seven per cent. per annum, together with
costs." A sufficient statement of the contents of the com-
missioners' report will be found in *State ex rel. Martin v.
Doyle*, 38 Wis., 92. To this complaint the attorney general
interposed a general demurrer.

*L. S. Dixon*, for the plaintiff.

The cause was submitted for the state on the brief of *H.
W. Chynoweth*, Assistant Attorney General.

LYON, J. We do not find it necessary to determine here
the question suggested in *State ex rel. Martin v. Doyle*, 38
Wis., 92, and again in *Carpenter v. The State*, 39 Wis., 271,
whether the legislature has the constitutional power to make
an appropriation of public money dependent in amount upon
the determination of persons not constitutional officers, or
whether it can bind the state by such a determination abso-
lutely and beyond the control of a future legislature. It is
assumed for the purposes of this case (as it was in those cases),
that the legislature has such power, and that chapter 243 of
1873, as amended by chapter 152 of 1874, is a valid law. On

that hypothesis the question is, whether the award of the commissioners appointed pursuant to that act is conclusive against the state without an approval thereof by the secretary of state. The answer to this question depends upon the effect to be given to that provision of the act of 1873, which contemplates such approval.  The language of the act is, "Upon a report made and certified by a majority of such commissioners to the secretary of state awarding any sum of money in satisfaction of said claim, and on his approval thereof, he shall draw his warrant on the state treasurer for the amount so awarded."   Section 2.

In *State ex rel. Martin v. Doyle, supra*, it was held that *mandamus* would not lie to compel the secretary to draw his warrant on the treasurer for that portion of the award not approved by him.  This court there considered and construed the words of the act above quoted.  In the opinion of the court, written by the late chief justice, it is said:   "There appears to us to be no reasonable doubt that the true construction of section 2 of the act of 1873 makes the report of the commissioners dependent for validity on the approval of the secretary of state, and does not authorize payment of the amount reported without such approval."

The learned counsel for the plaintiff maintains that the question of the validity of the award without the secretary's approval was not before the court, but only the question of the plaintiff's right to be paid the sum awarded pursuant to the appropriation clause in the act, without such approval.   Hence it is claimed that what was there said concerning the validity of the award is *obiter*, and does not bind the court in this action.

We hardly agree with counsel in this criticism.   In that proceeding the construction of section 3, and of the whole act, was involved, and it seems to us the effect there given to the approval clause is authoritative.   But, independently of the authority of that case, we have no doubt that the act was correctly interpreted.   There is not a reason stated in the opinion

in support of the proposition that payment of the award could not be compelled until the secretary should approve, which does not apply with equal force to the proposition that the award was invalid without such approval, and created no liability against the state. If the legislature intended that, without the approval of the constitutional auditor of the state, the award should be binding upon the state, and enforceable by action in this court, and hence beyond the control of any future legislature, why did the act put it in the power of the secretary to postpone payment by withholding his approval, and thus drive the plaintiff to an action to recover his money? It seems reasonable to believe that had the legislature intended that the award, without approval, should create an absolute obligation against the state, it would have made the appropriation to pay it without attaching thereto the condition of approval. Why vest in the plaintiff an absolute right to recover the money awarded, and then unnecessarily and unjustly allow the secretary to obstruct the payment of it? We must again hold, therefore, that the award is dependent for validity upon the approval of the secretary.

The complaint neither avers nor negatives such approval. It is silent on the subject. Manifestly, it is essential to a statement of a cause of action that approval should be averred, because it is a condition precedent to the validity of the award and the right of action upon it. The performance of such conditions must be pleaded and proved by the party asserting a right or claim dependent thereon. *Redman v. Insurance Co.*, 49 Wis., 431. The approval by the secretary of state is a constituent and indispensable element in a right of action upon the award; and, because such approval is not alleged, the complaint does not state facts sufficient to constitute a cause of action.

There is another view of the case which may lead to the same conclusion. The commissioners awarded to the plaintiff $10,000 over and above his liability on a certain bond of indemnity executed by him to the state, and the balance of the award is made

Martin vs. The State.

up of interest on that sum from July 6, 1853. The secretary of state approved of the report, so far as it awarded the $10,000, but disapproved of the allowance of interest, "except the amount thereof accruing from the 5th day of February, 1873, the date of the claimant's application to the legislature, to the date of the award of the commissioners." Hence the $10,000 has been paid, and the whole claim of the plaintiff is for interest on the $10,000, which accrued before the date of the report. The action of the secretary is not stated in the complaint, but it appears in *State ex rel. Martin v. Doyle*, and is a public record in the office of the secretary. It is probable that we may take judicial notice of it without averment. Until the report, the damages of the plaintiff were entirely unliquidated, and the allowance of interest accruing before the damages were ascertained is unauthorized by law. *Marsh v. Fraser*, 37 Wis., 149; *Yates v. Shepardson*, 39 Wis., 173; *Shipman v. The State*, 44 Wis., 458. Had the plaintiff's damages been assessed in an action, the allowance of interest before the date of the report would have been error. We find it difficult to believe that the act of 1873 gave the commissioners power to disregard this settled rule of law. The more reasonable opinion seems to be, that the act was not intended to authorize, and did not authorize, the commissioners to disregard that or any other legal rule. We greatly doubt, therefore, whether the commissioners had authority to make any award of interest. However, we do not determine this question, but rest our judgment upon the grounds first above stated.

*By the Court.*— Demurrer sustained.