Curia.

We differ from the justice in the construction of his powers. It is true, that before the cause is brought to a hearing; he may generally let in the defendant to plead, and make his full defence; and if he appears even while the hearing is going forward, he may be received to give evidence; but never after the cause is heard and finally submitted, though, entirely ex parte. The justice is bound to hear the merits in all cases, before judgment against a defendant. There is no such thing before him, strictly speaking, as a judgment by default against a defendant; but always a trial, or a hearing in nature of a trial. Here is a proceeding, then, to grant a new trial, or something .in nature of it, even without pretence of irregularity. Inferior tribunals not proceeding according to the. course of the common law, do not possess this power, unless expressly conferred on them by the statute whence their authority is derived. The justice has the same power by the statute as to hearing, trying and determining as courts of record; but this does not include the authority to set aside or annul a proceeding once had before him, without consent of the party claiming the benefit of it. Clearly he cannot grant a new trial. The motion must be granted.[1]
Buie for a peremptory mandamus.

 See Waterman's N. Y. Justice, p. 165, et seq.