. STECKMESSER *vs.* GRAHAM, et al.

APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

Heard July 18, 1859.]          [Decided December 14, 1859.

*Appeal—Judgment—Justice of the Peace—Venue.*

S. obtained a judgment before a justice of the peace, against G. & S., from which they took an appeal to the Circuit Court; held that such appeal, under the Code, only stays the execution, and does not prevent S. from filing and docketing a transcript of the judgment, in the office of the Clerk of the Circuit Court, to create a lien on real estate.

Where a justice of the peace sent the appeal papers to the Circuit Court of Jefferson county, when they should have been sent to Dodge county; this does not deprive the appellant of the right to have them sent to the proper court; nor does he lose his appeal thereby.

This is an appeal brought by Steckmesser from an order of the Dodge Circuit Court, by which a transcript of a judgment rendered by Charles Beckman, Esq., a Justice of the Peace for the county of Dodge, in favor of Steckmesser, and against Graham & Scott, and which had been filed in the office of the Clerk of the Circuit Court of Dodge county, was ordered to be stricken from the files and the docket entries in the Judgment docket; which order was ordered to be vacated and set aside.

The order in this cause had been brought on by an order to show cause, based on an affidavit, which showed that the judgment was rendered April 13, 1857, for $58 21, and a transcript of the judgment was docketed January 19, 1858, in the Clerk's office, in Dodge county; that a transcript had also been docketed in Jefferson county, and an execution issued thereon, which the plaintiff was seeking to enforce; and that the defendants had appealed to the Circuit Court.

After the order for plaintiff to show cause, &c., was granted, the defendants obtained an order from the Judge, requiring the Justice to return to the Dodge Circuit Court all the papers in said suit, copy of docket, &c., or show cause, &c.; in answer to which the Justice returned: That he had sent the papers to the Circuit Court of Jefferson county; that the notice of

appeal served on him did not state to what court defendants appealed, and that he supposed that the last named court had jurisdiction of the appeal, because he supposed that the ward for which he was elected had been annexed to Jefferson county. The justice also returned a transcript of his docket entries, and the entry of the judgment at first for $43 36, and then corrected, according to the desire of the defendants, to $58 21; and also notice of appeal, undertaking filed, costs paid, and appeal allowed. This appeal was dismissed from the Jefferson Circuit Court, September 22, 1858, for want of jurisdiction, and the order of dismissal filed with the justice.

Upon these papers, the Circuit Court of Dodge county struck the transcript of the judgment from the files of the court, and from the judgment docket; from which order this appeal is taken to this court.

*Chas. R. Gill*, for the appellant.

1. The circuit court had no power to set aside the transcript of the justice's judgment, and vacate the docket entries thereof, upon a mere motion. The judgment of the justice was valid and binding upon the parties until reversed. 1 Wend., 79; 2 Wend., 602; 4 Denio, 414; 14 John., 479; 19 Ib., 162.

2. Admitting the power of the circuit court to set aside transcript, &c., yet there was no occasion for it in this case. Even though an appeal were pending, it did not deprive Steckmesser of his right to file a transcript. R. S. of 1849, chap. 88, §§ 184 and 185. New R. S., chap. 120, § 170.

But there was not sufficient evidence furnished to show that defendants had perfected an appeal in such a legal manner as to stay proceedings on the judgment; on the contrary, it appears that they appealed to the wrong court, and it was dismissed for the want of jurisdiction. Again, if the appeal was perfected so as to stay proceedings on the judgment, the statute points out a different remedy from this, for staying or recalling an execution thereon. R. S., chap. 120, § 209.

*J. J. Enos*, for the respondents.

*By the Court*, PAINE, J. This is an appeal from an order of the circuit court of Dodge county, striking from the files a

transcript of a justice's judgment, and vacating the docket entries thereon. It appears from the papers used in the court below, that an appeal was taken from the judgment of the justice, by the defendants, without, however, specifying to what court; and the justice, supposing that the ward in which he *acted,* had *been attached to Jefferson county,* by an *act of* the Legislature, which was afterwards held by this court not to have that effect, returned the papers to the circuit court of that county, where the appeal was afterwards dismissed. The plaintiff filed the certificate of dismissal with the justice, and obtained and filed the transcript, which was stricken off by the order appealed from. Upon this state of facts, we think the appeal from the justice was still in force. His sending the papers to the wrong court, ought not to deprive the party of the right to have them returned to the proper court, if his appeal was properly taken. And so the court below understood it; *for in the order to show cause, it re-*quired the justice to make a return on the appeal to that court.

The question, then, is, whether, the appeal being in force, the plaintiff was entitled to obtain and file a transcript or not. Had this question occurred under the statutes of 1849, it might admit of some doubt. The party then was required to give security, in order to perfect the appeal; and being perfected, all proceedings on the judgment were suspended § 232, chap. 88, R. S. 1849. But the provisions of the code, under which this appeal was taken, contemplate, that an appeal *does not, per se,* stay proceedings on the judgment; but they provide for a " stay of execution," simply, by giving the requisite undertaking. § 258, 259, 260. The effect of these sections would seem, by a fair construction, to be only to stay the execution; and as there is nothing in this repugnant to the right of filing a transcript, as provided for in sec. 184, R. S. 1849, which was still in force, we think the party must

be still held to have this right. It is true the debt would be otherwise secured by the undertaking staying the execution; but as the code implies the right to proceed on the judgment, notwithstanding an appeal, and provides that giving an undertaking shall stay execution only, we do not feel authorized to say that it shall have the further effect of depriving the party of his right to file a transcript. If it is desirable that it should have this effect, it is for the Legislature to provide for it. We think, therefore, the circuit court erred in the order appealed from.

It is suggested, in the respondent's brief, that the circuit court has control over such transcripts. That may be so, to a certain extent. They may undoubtedly strike them off, or vacate the entries made upon them, whenever a proper case is presented; but they have no such discretion in regard to it, that they may strike them off when the party has a legal right to have them remain.

It was also objected, that it appears from the docket entries of the justice, that he altered the judgment after entering it; but it appears from the entry, that it was done at the desire of the defendants, and they have filed no affidavit denying it. If this was so, even if the justice had no authority to make the alteration, they are estopped from objecting to it. And although it is undoubtedly true, as a general rule, that a justice has no authority to alter a judgment or record after having once made it, yet the authorities which establish it, assume that he might do it upon consent of the parties. *The People vs. Delaware*, 18 Wend., 558; *People vs. Lynde*, 8 Cow., 133. The record shows clearly enough, that this alteration was made after the entry of the judgment, and the date of it is a mere mistake, which does not affect the merits of the question.

The order appealed from is reversed, with costs.