THE SENTINEL COMPANY VS. THOMSON.

REVERSAL OF JUDGMENT. (1) *Judgment for frivolousness of demurrer will be affirmed if demurrer bad.*

PRACTICE. (2) *Remedy for confusion of causes of action in one count.*

1. The rule established in *Cobb v. Harrison*, 20 Wis., 626, that a judgment for frivolousness of a demurrer to the complaint will not be reversed if the demurrer, though not frivolous, was bad, is here adhered to.
2. Where several causes of action may be properly joined in one complaint, the improper blending of them in one count is not ground of demurrer; but the remedy is by motion.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff is a corporation of this state, engaged in publishing a newspaper and conducting a job printing office in the city of Milwaukee. The defendant was president of the company and editor of its paper between January 1, 1873, and January 5, 1874; and as such is alleged in the complaint to

have had a "controlling interest in the management of the plaintiff's said business of publishing said newspaper, and over its financial affairs." This action was brought to recover a certain amount alleged to be due plaintiff from defendant for sums paid and advanced him, at his special instance and request, during the year 1873, in excess of all amounts justly due from plaintiff to defendant for his services as editor, etc.; and also for work, labor and services performed for defendant by plaintiff, material furnished and money paid for him, at his request, between January 1, 1874, and September 22, 1874; together with interest upon the aggregate amount from a certain date, alleged to be the average of the dates of such advances, services, etc. The complaint contains but a single count.

Demurrer to the complaint, on all the grounds mentioned in the statute; and judgment for the plaintiff, on the ground that the demurrer was frivolous. Defendant appealed from the judgment.

*Finches, Lynde & Miller*, for appellant, contended that a pleading cannot properly be treated as frivolous unless its utter invalidity is apparent on mere inspection, without examination or research, and that this was not true of the demurrer here in question. *Walton v. Goodnow*, 13 Wis., 662; *Cahoon v. R. R. Co.*, 10 id., 293; *Martin v. Weil*, 8 id., 224; *F. & M. Bank v. Sawyer*, 7 id., 379; *Van Slyke v. Carpenter*, id., 173; *Moyer v. Strahl*, 10 id., 84; *Gilmore v. Woolcock*, 13 id., 589. 2. To the point that a complaint framed like that in this case is bad on demurrer, they cited *Getty v. R. R. Co.*, 8 How. Pr., 177; *Durkee v. R. R. Co.*, 4 id., 226; *Pike v. Van Wormer*, 5 id., 171; *Acome v. Am. Mineral Co.*, 11 id., 27.

*N. S. Murphey*, for respondent:

1. There is but one cause of action stated, which is upon contract, and it is properly stated; and if otherwise, the only remedy was by motion to make more definite and certain. *Harsen v. Bayaud*, 5 Duer, 656; *Baxter v. State*, 9 Wis., 39.

The Sentinel Company vs. Thomson.

2. On its face the demurrer is clearly frivolous, and interposed in bad faith. *Bass v. Comstock*, 38 N. Y., 21; 36 How. Pr., 382.

COLE, J. In the case of *Cobb v. Harrison*, 20 Wis., 626, where there was an appeal from a judgment entered on the ground of the frivolousness of a demurrer to the complaint, this court decided that it would not reverse the judgment, even though the demurrer were not frivolous, unless the same were well taken. For if the demurrer was bad and must have been overruled on argument, then the order striking it out as frivolous was not an order reviewable on the appeal from the judgment. The reasons for that decision need not be restated. It is sufficient to say that the rule there laid down disposes of this case. See also sec. 40, ch. 125, R. S., which requires the court to disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party.

That the demurrer in this case must have been overruled on the argument, is clear. The only objection taken to the complaint by the demurrer, worthy of notice, is, that several causes of action have been improperly united. There can be no doubt that the causes of action set forth may be united in the same complaint; and if the complaint is defective at all — a point we do not decide, — it is because these different causes of action are not separately stated, but are included in one count. But that is not a ground for demurrer. The remedy is by motion. *Akerly v. Vilas*, 25 Wis., 703; *Bass v. Comstock*, 38 N. Y., 21.

*By the Court.* — The judgment of the county court is affirmed.

RYAN, C. J., took no part in this decision.