JOHNSON vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

JURISDICTION: *Notice of appeal.*

Where the notice of appeal from a justice's judgment, and the undertaking, expressly state that the appeal is to the *circuit* court of the county, while, by law, an appeal lies from justices' courts, in that county, only to the *county* court, the latter does not acquire jurisdiction.

APPEAL from the County Court of *Dodge* County.

The action was brought before a justice of the peace of Dodge county. The plaintiff recovered, and the defendant company appealed from the judgment of the justice, specifying in the notice of appeal that it appealed "to the circuit court of Dodge county." An undertaking to stay execution was given, in which it was recited that the appeal was to that court. These proceedings were had in December, 1875. The justice made return to the appeal to the circuit court. On plaintiff's motion, that court dismissed the appeal for want of

jurisdiction, and ordered that the papers and records in the case be transmitted to the county court of Dodge county; and they were so transmitted. The plaintiff thereupon moved the county court to dismiss the appeal for want of jurisdiction; and from an order of that court granting the motion, defendant appealed.

The cause was submitted on the brief of *Melbert B. Cary* for the appellant, and that of *H. W. Lander* for the respondent.

For the appellant it was argued, that the statute (R. S., ch. 120, sec. 205) gives an appeal from justice's court, where the party or some person authorized by him, within a specified time, presents to the justice a notice of appeal, together with an affidavit that the appeal is made in good faith, and not for the purpose of delay — which was done in this case. "The statute does not prescribe what the notices shall contain. Its object is to inform the justice that an appeal is taken, and in what suit. And if it is sufficiently accurate to accomplish this purpose, a mere inaccuracy in some particular ought not to invalidate." *Hills v. Miles*, 13 Wis., 625. The words "circuit court" were not necessary to a perfect appeal, and may be regarded as surplusage.

LYON, J. By ch. 86, Laws of 1872, as amended by ch. 169, Laws of 1874, the county court of Dodge county has exclusive jurisdiction of appeals from the judgments of justices of the peace of that county. In this case, the appeal from the justice's judgment was expressly taken to the circuit court. That court had no jurisdiction of the appeal, and very properly dismissed it. We are now asked to hold that there was a valid appeal to the county court of Dodge county, and that the latter court erred in dismissing it.

Had the notice of appeal failed to specify the court to which it was taken, it might, perhaps, be held a good appeal to the county court, on the authority of *Steckmesser v. Graham*, 10

Wis., 37. But we do not see our way clear to hold this when the notice specifically declares that the appeal is to the circuit court. We are aware of no rule of law which will authorize the county court to take jurisdiction of such an appeal. On the contrary, the rule doubtless is, that an appeal to a court having no jurisdiction thereof is not an appeal to some other court to which it might have been taken. The principle would be the same had the appeal from the justice's judgment been taken directly to this court. We apprehend no one would claim that to be a good appeal to the county court of Dodge county.

We conclude that if the appellant specifies in his notice the court to which he appeals, he is to be taken at his word. If the court so specified has the necessary appellate jurisdiction, the appeal is effectual; otherwise not. The appeal cannot lawfully be sent on a pilgrimage to find a court with jurisdiction to entertain it had it been properly taken in the first instance.

*By the Court.* — The order of the county court is affirmed.