TUCKER vs. GROVER. [Second Case.]

*March 19 — April 8, 1884.*

*(1) Recovery for services, etc., under void contract: Pleading. (2) Demand: Limitation of action. (3) Interest on unliquidated claim.*

1. Under a complaint for services rendered and money expended at the defendant's request, the plaintiff may show, as the groundwork of his action, a parol contract for the conveyance of land under

Tucker vs. Grover. [Second Case.]

which, as the consideration for such conveyance, the services were rendered and the money paid, and which the defendant had refused to carry out because void under the statute.

2. A recovery for services rendered and money paid under a contract void by statute can be had only after a demand, and the time limited for the commencement of the action begins to run from such demand.

3. Interest upon an unliquidated claim is recoverable only from the commencement of the action.

APPEAL from the Circuit Court for *Jefferson* County.

The facts are stated in the opinion. The complaint made no reference to the parol contract for the conveyance of land under which the services were rendered and the money expended. There was a verdict for the plaintiff; a motion for a new trial was denied; and the defendant appealed from the judgment.

*E. C. Lewis*, attorney, and *E. P. Smith*, of counsel, for the appellant, contended, *inter alia*, that the action was upon an implied promise of the defendant to pay for plaintiff's services, etc., *quantum meruit*, and that the void contract made before the services were rendered was therefore irrelevant. The cause of action accrued when the services were rendered and the money paid out, and the statute of limitations then began to run. No demand was necessary. 1 Chitty on Pl., 339, 341; 1 Saund., 33, note 2; Bul. N. P., 151; *Walker v. Welch*, 13 Ill., 674; *Greenwood v. Curtis*, 6 Mass., 366; *Ernst v. Bartle*, 1 Johns. Cas., 319; *Leffingwell v. White*, id., 99; *Maddox v. Brown*, 9 Porter (Ala.), 118; *Ring v. Roxbrough*, 2 Tyrwh., 468, 470; *S. C.*, 2 Cromp. & J., 418; *Pettibone v. Pettibone*, 5 Day, 324; *Henderson v. Howard*, 2 Ala., 342; *Wallis v. Scott*, 1 Strange, 88; *Brokenham v. Thacker*, 2 Ventris, 75; *Hill v. Wade*, Cro. Jac., 523; *Gibbs v. Southam*, 5 Barn. & Ad., 911; 7 Wait's Act. & Def., 250, 251; *Zeigler v. Hunt*, 1 McCord (S. C.), 577; *Perkins v. Littlefield*, 5 Allen, 370.

*Henry L. Buxton*, for the respondent.

ORTON, J.   The complaint is for work and labor done and services rendered and for money laid out and expended at defendant's request.   The answer is a general denial.   To establish his claim the plaintiff gave evidence tending to show that a verbal contract had been entered into between the plaintiff and defendant, and one McArthur, in substance, that the plaintiff and McArthur should look up, examine, and enter in the name of the defendant, pine lands, the defendant furnishing the money for such entries, and that when they had been so entered, the defendant, in consideration of such services and advancements in money of the plaintiff and McArthur, and for further considerations, should convey one third of said lands to them.   With this understanding, and at the request of the defendant, the plaintiff and McArthur entered upon such service, employed and paid men, and paid out moneys therein, for which this suit is brought.   At the termination of such service, when all the lands had been so entered in the name of the defendant, the plaintiff and McArthur demanded of the defendant the conveyance of their share of the lands, and offered the other consideration therefor according to such agreement, and the defendant refused so to do.   They then demanded that he should do one thing or the other,— either to so convey the lands, or pay them for their services and money expended, or, at least, pay them sufficiently at that time to pay their men employed by them in such service.   This he also refused to do.   Afterwards, at divers times, other demands were made for the payment for such service and money expended, and the defendant refused.

The first objection to evidence offered by the plaintiff raises the first exception and point in the case, and which illustrates the nature of the action.   The plaintiff sought to prove the verbal contract in respect to such services rendered and money paid, and the conveyance to them of the one-third of the lands entered, in consideration thereof.   The

defendant objected on the ground that the verbal contract was void by the statute of frauds, and could not, therefore, be proved as the groundwork of this action.

This action is sanctioned, so far as the pleading, the proofs, and the demand are concerned, by the case of *Grannis v. Hooker*, 29 Wis., 65. The complaint in that case was the common count for money paid, or had and received, without setting out the fraudulent agreement or transaction on account of which it was so paid and received. On the trial the plaintiff offered to prove such fraudulent transaction, which was that the money was so paid to and received by the defendant upon the false and fraudulent representation that he had bought for the plaintiff and others, as a company, certain oil lands in Pennsylvania. These facts, together with the demand for repayment of such money so advanced, after a discovery of the fraud, were held proper as evidence, under such a complaint, as the groundwork of the action. Here it was discovered that the verbal contract was void by the statute of frauds, as relating to the purchase and conveyance of land, and for that reason the defendant refused to carry out the same on his part, and refused, on demand, to reimburse the plaintiff and McArthur for the services they rendered and the money they paid for the defendant in securing in him the title of said pine lands. In that case the contract was void for actual fraud, and in this it was void for fraud in law. There is a very close analogy between the two cases.

Most of the objections made to evidence relate to this void transaction, and are not material when it is certain, as it now appears, that it was proper to prove it. The other exceptions are to the overruling of the motion for a non-suit, and to the instructions given and refused. The nonsuit was urged on the same ground as the first objection to the admission of the verbal contract in evidence, and is already disposed of as above.

The only two material questions raised on the instructions are (1) as to the statute of limitations; and (2) as to interest upon the claims.

As to the first, the instructions were (1) that " no action for money accrues under such a void contract, or for services rendered under it, until a demand is made for such payment; " (2) that " the plaintiff has given evidence tending to show that such demand was made late in the fall, or in December, 1874; " (3) that " in regard to the statute of limitations, if you find that this demand was made late in the fall of 1874, or in December, or at any time after that, then the statute of limitations is out of this case entirely." The suit was commenced July 23, 1880. There was evidence tending to show that another demand was made May 15, 1875. There can be no question but that this cause of action accrued when the demand was made. Before that the claim rested in the void contract which the defendant refused to carry out, and in an interest in the land he had verbally agreed to convey, and it became a money demand only when the defendant refused to so convey and the plaintiff made a demand for the money. *Brandeis v. Neustadtl,* 13 Wis., 142; *Grannis v. Hooker,* 29 Wis., 65; *Clark v. Davidson,* 53 Wis., 317. In this last case the contract to convey land was not in writing and therefore void, as in this; and the plaintiff had done work and labor on the land, and furnished the grain used thereon, as a part consideration of the purchase. The present chief justice says in the opinion: " This court has approved the doctrine which allows the purchaser, *after a demand,* to maintain an action to recover back what he has paid." And again: " He may not maintain an action on the special void contract, but there is no valid objection that we can see to his recovering on a *quantum meruit.*" *Thomas v. Sowards,* 25 Wis., 631; *N. W. U. P. Co. v. Shaw,* 37 Wis., 655. The statute of limitations had not run on this demand.

As to the second question of interest, the instruction was that "he [the plaintiff] is entitled to recover interest on such amount as you shall find him entitled to recover, from the time a demand was made, if you find that one was made, up to the time of rendering your verdict." The same rule is repeated in another part of the charge. This instruction was clearly erroneous, and it would appear from the date of the verdict, February 10, 1883, and a computation of the interest from December 10, 1874, to that date, that the jury must have computed the interest from that time as the time of the first demand. There appears to be no evidence that at the time of any demand there was any specific account rendered of such services and money, or that any certain sum was demanded, or that the defendant admitted any claim whatever on account of the same. The claim, at least for the services, being an uncertain one, and resting in *quantum meruit*, and being always denied and contested by the defendant, and no account thereof rendered, or any demand made for any certain sum, and, of course, not susceptible of computation merely to render it certain, it was clearly unliquidated, and in such a case no interest could be recovered until from and after the commencement of the suit. *Marsh v. Fraser*, 37 Wis., 149; *Yates v. Shepardson*, 39 Wis., 173; *Shipman v. State*, 44 Wis., 458; *Tyson v. Milwaukee*, 50 Wis., 90. In this last case, Mr. Justice Taylor said in the opinion that "the plaintiff, in case of difference of opinion, must *take the initiative*, and it would be clearly unjust to charge the defendant with interest on this unliquidated demand, so long as the plaintiff *takes no steps to liquidate the same*." This language is quoted by the learned counsel of the respondent, as showing that a demand even may be such an *initiative or step*. But as this language is used in the opinion, it is apparent that such initiative or step means *a suit in court*. It follows that the interest on such claim as the jury found in favor of the plaintiff from the time of the

first demand (probably December 10, 1874) to the date of the commencement of the suit was erroneously computed and allowed by the jury in their verdict.

Finally, the jury were justified in finding from the evidence that the claim of McArthur, which was included in the demand of the plaintiff in this action, was purchased by and duly assigned to him before the commencement of the suit.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction that the plaintiff be allowed to remit the excess of interest so erroneously recovered, to be ascertained by discounting such interest on the amount of the verdict from the 10th day of December, 1874, to the date of the commencement of the suit; and if he so remit such excess, then that judgment be entered for the balance; but if he fails or refuses to do so, then that a new trial be ordered and had in the action.