MESSMER and another, Respondents, vs. BLOCK, Appellant.

*September 24— October 11, 1898.*

(1) *Appeal: Notice.*   (2) *Contracts: Pleading.*

1. Where the supreme court is the only court to which an appeal could be taken, a notice of appeal is effectual although it fails to state to what court the appeal is taken.

2. In an action to recover for architects' services, a complaint alleging that between certain dates the plaintiffs, at the special instance and request of the defendant, performed work, labor, and services in the preparation of plans which were actually used in the erection and construction of a building on defendant's land, and in superintending such construction, and that a certain sum was then due the plaintiffs by reason of the premises, over and above all payments, is *held* sufficient.

APPEAL from an order of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Dr. J. Thiemann.*

For the respondents there was a brief by *Austin & Fehr,* attorneys, and *G. G. Gehrz* and *Jacob Fehr, Jr.,* of counsel, and oral argument by *Mr. Gehrz.* To the point that the complaint was sufficient, they cited *Edleman v. Kidd,* 65 Wis. 22; Bliss, Code Pl. §§ 9, 152, 156; *Farron v. Sherwood,* 17 N. Y. 230; *Hurst v. Litchfield,* 39 id. 377; *Hosley v. Black,* 28 id. 438; *Mead v. Degolyer,* 16 Wend. 638; *Clark v. Fairchild,* 22 id. 583; 1 Chitty, Pl. 352, 353; 2 Ency. of Forms, 298; *Parker v. Macomber,* 16 L. R. A. 861; *Allen v. Patterson,* 7 N. Y. 476; *Keteltas v. Myers,* 19 id. 231; *Bue v. Ketchum,* 51 Wis. 324.

CASSODAY, C. J.   This is an appeal from an order overruling a demurrer to a complaint alleging, in effect, that the plaintiffs were at the times stated architects; that as such, and between April 1, 1896, and September 11, 1896, they, at

the special instance and request of the defendant, rendered
and performed work, labor, and services in and about the
drawing of plans and specifications for use in the erection and
construction, and which actually were used in the erection
and construction, of the building described, and the superin-
tending of such construction, and that the same was situated
on the real estate described and owned by the defendant;
that the plaintiffs duly filed their petition for a lien Febru-
ary 16, 1897; that there was then due and owing to the
plaintiffs from the defendant, by reason of the premises,
over and above all payments made on account of the work
done and materials furnished, the sum of $64.78, with inter-
est thereon from November 30, 1896; wherefore the ordi-
nary judgment in such a case was demanded.

The motion to dismiss the appeal on the sole ground that
the notice does not state that the appeal is taken to this
court is denied. It is conceded that this is the only court
to which the appeal could be taken; and hence it should be
effectual for that purpose. R. S. 1878, sec. 3049; *Steckmesser
v. Graham,* 10 Wis. 37; *Johnson v. C., M. & St. P. R. Co.* 43
Wis. 432.

The defendant only objects to the complaint on the ground
that it does not allege the essential facts constituting a con-
tract whereby the defendant promised to pay to the plaint-
iffs for such services and materials,— much less the essential
consideration for such agreement. The rendering of the
services and the furnishing of the materials at the special
instance and request of the defendant, and for his use and
benefit, certainly constituted a good consideration for his
promise to pay therefor. *Silverthorn v. Wylie,* 96 Wis. 69.
The complaint did not allege an express promise, but it mani-
festly did an implied promise. True, it did not allege the
amount that the services rendered and the materials fur-
nished were reasonably worth, but it did allege, in effect,
that there was due and owing to the plaintiffs from the de-

fendant the amount mentioned by reason of the facts stated, over and above all payments on account of the work done and materials furnished. Such facts, if they remain uncontroverted, would seem to be sufficient to authorize a recovery from the defendant of the amount stated. *Bue v. Ketchum,* 51 Wis. 324; *Edleman v. Kidd,* 65 Wis. 22; *Allen v. Patterson,* 7 N. Y. 476; *Farron v. Sherwood,* 17 N. Y. 227.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.