THE McCALL COMPANY, Appellant, vs. STONE, Respondent.

*March 17—April 5, 1905.*

*Pleading: Demurrer to part of a defense.*

Under sec. 2658, Stats. 1898, providing that "the plaintiff may demur to the answer or any defense therein," a demurrer cannot be addressed to a part only of a defense.

APPEAL from an order of the municipal court of the city and town of Ripon: J. J. FOOTE, Judge. *Affirmed.*

The plaintiff is a New York corporation, doing business in the state of New York, and the defendant is a merchant located in this state. The plaintiff alleges an indebtedness for dress patterns and other merchandise sold by plaintiff to defendant under a written contract between the parties dated July 9, 1901, by which the plaintiff agreed to ship to the defendant monthly, from New York, certain amounts of dress patterns and fashion magazines, and the defendant agreed to pay for the same at certain times and at certain prices. The defendant's answer contains three separate defenses, the first of which was as follows:

"*For a first and separate defense defendant admits that he resides in the city of Ripon, in the state of Wisconsin, and*

*alleges, on information and belief, which information is de-*
*rived from the original verified complaint herein, that the*
*said plaintiff is, and at all of the times hereinafter stated*
*was, a corporation duly organized under and pursuant to,*
*and existing by virtue of, the laws of the state of New York,*
*and at the times hereinafter stated was engaged in the man-*
*ufacture of patterns and doing business in the state of Wis-*
*consin and elsewhere;* that the plaintiff before the 29th day
of October, 1900, and on that date, entered into a contract
with the defendant whereby the defendant agreed to take
and did take possession, in behalf of the plaintiff, of some
pigeonholes and tills, bases, counter-book covers, one outdoor
metal sign, one glass sign, one sales-book, one subscription
book for McCall's Magazine, all the property of the plaintiff,
and did, by said agreement, commence to sell the McCall
Bazar Patterns; that on the 9th day of July, 1901, the de-
fendant, being still in the possession of the said property
of the plaintiff, entered into the contract set forth in the
amended complaint herein, and continued in the possession
of the same, and to hold the same by virtue of the said new
contract, and subject to the order of the plaintiff; that the
said property is the same property mentioned in the said new
contract, and was loaned to this defendant at the defend-
ant's place of business, in Ripon, in the state of Wisconsin;
that pursuant to the terms and conditions of the said con-
tract as to the manner of keeping in stock and of conducting
the sales of said patterns by the defendant at the city of
Ripon aforesaid, and the reshipment of the discarded pat-
terns to the plaintiff, and subject also to the final account-
ing between defendant and the plaintiff, and the adjustment
of losses and profits of such sales as therein provided, the
plaintiff did further engage in the transaction of business in
this state affecting the personal liability of plaintiff, as above
set forth, and relating to the said property of plaintiff with-
in this state, and did, in the prosecution thereof, from time
to time, after the 12th day of July, 1901, and before the com-
mencement of this action, ship to the defendant patterns,
*but the defendant denies that he has any knowledge or in-*
*formation sufficient to form a belief as to the quantity of*
*said patterns, or other goods, wares, and merchandise so*
*shipped to the defendant by the plaintiff;* that, upon informa-

tion and belief, defendant alleges that at the time of making the alleged contract said plaintiff corporation had never been organized, and has never since been organized, under the laws of Wisconsin; that it had not been, and has not since been, created under the laws of any state for religious or charitable purposes; that said corporation was not and is not a fraternal or beneficiary corporation, nor a corporation furnishing life or casualty insurance upon the mutual or assessment plan or upon any other plan; that said corporation was not organized for any one or more of the said purposes; that said corporation has not at any time prior to nor since the making of said alleged contract, prior to the commencement of this action, caused to be filed in the office of the secretary of state of Wisconsin a duly authenticated copy, or any copy, of its charter or articles of incorporation, and has not received, and was not entitled to receive, from the secretary of state of Wisconsin, a license to transact business in this state, and was not authorized nor entitled to make any contract or to transact business in the state of Wisconsin; that said alleged contract affected the personal liability of the plaintiff and related to property in this state, as more fully above set forth; that the plaintiff transacted the said business in this state under the said alleged contract with this defendant, and was engaged then and since in transacting other business in the state of Wisconsin, as defendant is informed and believes, as set forth in this answer above, in reliance upon the allegations of the original complaint herein; that, because of the failure of the plaintiff corporation to file as aforesaid a duly authenticated copy of its articles of incorporation, in the office of the secretary of state of Wisconsin, said contract was and is wholly void, and is unenforceable in favor of the plaintiff and against the defendant."

The plaintiff served the following demurrer:

"The above-named plaintiff, by Williams, Griswold & Chadbourne, its attorneys, demurs to that portion of the amended answer of the defendant in said action as is contained between the seventh line in the second folio of said amended answer, said line commencing, 'That the plaintiff before the 29th day of October, 1900,' etc., and the fifth line

of the ninth folio of said answer, said portion ending as follows, 'and is unenforceable in favor of the plaintiff and against the defendant,' except that portion of said amended answer commencing on the sixth line of the fifth folio, and reading as follows, to wit, 'but the defendant denies that he has any knowledge or information sufficient to form a belief as to the quantity of said patterns or other goods, wares, and merchandise so shipped to the defendant by the plaintiff,' for the reason that said portion of said amended answer upon the face thereof does not state facts sufficient to constitute a defense."

Those parts of the answer which are omitted by the terms of the demurrer are printed in italics.   The court overruled the demurrer, and plaintiff appeals.

For the appellant there was a brief by *Williams, Griswold & Chadbourne,* and oral argument by *F. W. Chadbourne.*

For the respondent the cause was submitted on the brief of *Carter & Pedrick.*

WINSLOW, J.   By the separate defense at which the plaintiff's demurrer was directed, the defendant endeavored to plead facts which would make the contract sued upon invalid under the provisions of sec. 1770*b,* Stats. 1898.   Had the plaintiff demurred to that defense, the question whether that section applied to the contract set forth by the complaint, or whether that contract was unaffected by the section because it relates to commerce between the states, would have been fairly before us.   The plaintiff, however, demurred to a part only of the defense.   It eliminated certain paragraphs of the alleged defense and demurred to the balance.   If this method of pleading be allowable, the pleader who could not frame a successful demurrer to almost any pleading would be a very dull man.   All that would be necessary would be to pick out the paragraphs which by themselves state no cause of action or defense, and demur to them.   However, such is not the law.   The statute (sec. 2658, Stats. 1898) says, "The plaint-

iff may . . . demur to *the answer* or *any defense* therein when," etc. This court has held that a demurrer cannot be addressed to a fragmentary part of a pleading, even in a *mandamus* action, where the statute allows the relator to "demur or answer all or any of the material facts contained in the same return." *State ex rel. Rice v. Chittenden,* 107 Wis. 354, 83 N. W. 635.

These considerations make it improper for us to consider whether the alleged defense constitutes in fact a defense, for the reason that, as a whole, it has never been challenged.

*By the Court.*—Order affirmed.