Bannen v. Kindling, 142 Wis. 613.

---

BANNEN, Respondent, vs. KINDLING and others, imp., Appellants.

*April 6—April 26, 1910.*

*Pleading: Contracts: Prevented performance: Certainty: Sufficiency on demurrer: Relief: Adequate remedy at law.*

1. Performance on plaintiff's part of a contract in respect to which relief is sought need not be alleged if the complaint shows that such performance was wrongfully prevented by defendants.
2. Where the complaint definitely sets forth the contract in suit it need not, even where specific performance is prayed, also allege in detail just what would be required to execute it, if those matters can be made certain by proof.
3. If the facts stated in the complaint, expressly and inferentially, upon any reasonable view, entitle the plaintiff to any judicial relief in equity against all or any of the defendents who join in a general demurrer, though it be not the relief specifically prayed for, or though the cause of action be not the one the pleader

supposed he had and intended to state, and regardless of mere indefiniteness of statement, it is sufficient.

4. Where the complaint shows that plaintiff has a right to have a partnership agreement carried out, or to have the partnership wound up, the objection that he has an adequate remedy at law is untenable.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.    *Affirmed.*

The appealing defendants, *Louis Kindling, H. Buchenberger, Paul E. Apel,* and *Kindling Machinery Company,* joined in a demurrer to the complaint for insufficiency.    The demurrer was overruled and this appeal is therefrom.    This is the complaint, in substance:

In December, 1906, plaintiff and defendant *Louis Kindling* agreed to associate in establishing and operating a machinery business for placing on the market and vending a patented device for street cleaning, invented by Augustin Hentschel, of Berlin, Germany, each to contribute half the capital for the enterprise, bear half the losses, and have half the profits.    To that end the parties mutually agreed to obtain, by purchase, the exclusive agency for the United States for the sale of machines made under such patent, and the option to become owners of such patent, and mutually agreed to form a $50,000 corporation, under the laws of Wisconsin, for handling the venture, to be called the *Kindling Machinery Company,* the necessary stock to secure capital for the enterprise to be taken by the parties in equal proportions.    It was further mutually agreed that plaintiff should secure, as an associate in managing the business, Edward P. Hackett, plaintiff to hold the stock taken by him, in trust for himself and said associate, and to represent such stock in the corporate affairs, the control of the other half to be in said *Kindling;* and that upon the patent right being obtained and the corporation organized as contemplated, the property and business should be transferred to such corporation.

Articles of organization for the corporation were duly

made, filed and recorded, and all conditions precedent to the organization satisfied, plaintiff and said *Kindling* and defendant Olwell being the incorporators. Pursuant to the partnership contract, an agreement was made between the owners of the patent, securing to the Kindling Machinery Company, composed of plaintiff and his associate Hackett and *Kindling,* the exclusive agency, mutually agreed to be acquired as aforesaid and with an option to purchase the patent right for a consideration of $10,000. Thereupon the contemplated manufacturing and selling business was commenced. It was thereafter carried on for a considerable length of time in the name of the corporation though it was not yet perfected so as to enable the parties to change from their partnership to a corporate capacity.

Plaintiff and said *Kindling* contributed equally the capital. The active management was intrusted to plaintiff. In time the business became profitable and it was mutually determined to exercise the right to acquire the patent. The business in that regard was intrusted to *Kindling.* In breach of his trust he took an assignment of the patent to himself, though the consideration was in part paid out of partnership funds. Later the incorporators met, and thereupon plaintiff urged, as he had before, that the stock should be taken according to the partnership agreement, offering to carry out all his obligations in that regard, which he was able and willing to do. *Kindling* refused to go on with the agreement, except upon its being modified so as to enable him to take a seven-tenths interest and plaintiff and Hackett three tenths. Plaintiff thereupon offered to reimburse *Kindling* for so much of the expenditure as he had incurred in acquiring the patent right in excess of one half, and demanded transfer of such right according to the original plan. The offer and demand were refused.

Thereafter *Kindling* assumed the whole authority to perfect the organization of the corporation and, without comply-

ing with any of the conditions precedent to a meeting in that regard, a pretended meeting was held at which he subscribed for 300 shares of the stock and the defendants *Buchenberger, Apel,* and Eckerle, fifty each.    Thereupon *Kindling, Buchenberger,* and *Apel* proceeded to perfect the organization by electing themselves directors and officers and accepting said subscriptions.    The pretended directors thereafter assumed that the business aforesaid and all property in connection therewith were assets of the corporation, and conducted such business to the exclusion of plaintiff and defendant Olwell. All persons, acting adversely to plaintiff, knew, from the commencement of their association with *Kindling,* his relations to plaintiff and rights in the business which they, pretending to act for the corporation, usurped, taking to themselves, in the name of the corporation, the property and business opportunity and profits belonging to plaintiff and defendant Hackett.

The prayer for relief was of various kinds.

*Louis G. Bohmrich,* for the appellants.

For the respondent there was a brief by *Frank M. Hoyt,* attorney, and *Thomas M. Kearney,* of counsel, and oral argument by *W. D. Thompson.*

MARSHALL, J.    The first proposition advanced by appellants' counsel, is that the complaint does not show respondent to have performed his part of the agreement respecting Hackett.    It is a sufficient answer thereto that the agreement contemplated association of Hackett with respondent in the management of a corporation organized as stipulated between the parties, appellant *Kindling* controlling one half the stock and respondent the other half for himself and Hackett, and that, according to the pleading, appellants wrongfully prevented the creation of such condition.

The second proposition is that the complaint does not set forth, with sufficient certainty and particularity, the alleged

agreement to constitute a contract at law, warranting a decree of specific performance in equity. We are unable to discover any indefiniteness of statement. The agreement seems to be plain. It is suggested that the complaint is silent as to the amount of money necessary to carry on the business and the amount of stock that should be sold and the price per share. The two first suggestions are matters for proof. The agreement, itself, is definite enough. Just what may be required to execute it, in the respects mentioned, is susceptible of being made certain by proof. The theory suggested does not appear to be of consequence. Necessarily the stock should be sold at par, so far as anything appears in the complaint, and if not, that is a matter of proof. Many other suggestions are made by counsel as to the agreement being uncertain. It does not seem profitable to treat them in detail. All, in any event, can be made certain by proof. Moreover, they are quite as certain as such details could well be.

Further, all of counsel's strictures of this character are upon the theory that the complaint must stand or fall on a test of its sufficiency for specific performance. That is wrong. If the facts stated, expressly and inferentially, upon any reasonable view, entitle respondent to any judicial relief in equity, against all or any of the defendants, all having joined in the demurrer, though it be not for the relief specifically prayed for, or if the cause of action be not the one the pleader supposed he had and intended to state, and regardless of mere indefiniteness of statement, it is sufficient on the challenge for insufficiency. *Morse v. Gilman,* 16 Wis. 504; *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921; *Bieri v. Fonger,* 139 Wis. 150, 120 N. W. 862. If this plain and valuable rule of the Code were always kept in mind by members of the profession much useless expenditure of time of courts and counsel, to the detriment of public and private interest, would be avoided.

The point that plaintiff has an adequate remedy at law is clearly untenable. Respondent has a legal right to have the partnership agreement carried out, or have it wound up. Having no legal remedy to enforce that right, manifestly, as has often been said, equity will extend such remedy as is within its competency to afford.

The last proposition is that the complaint shows that plaintiff rescinded the agreement for the formation of a corporation, which is the foundation of his cause of action, and, as he elected to rescind, he cannot proceed for specific performance.

This last proposition seems to have sprung from a variety of misconceptions: (a) Plaintiff attempted to state a cause of action for specific performance of the agreement to form a corporation, and to participate therein in equal proportions, and that no other cause of action is, therefore, available on the pleading. Plaintiff evidently did not attempt to state any particular cause of action by name. He intended to state, and seems to have succeeded well in stating, a history, in detail, of the making of a contract with appellant *Kindling,* the acts done under it by both parties, the breach of it by *Kindling,* and participation in his wrongdoing of others who thereby became connected with the subject of the action, intending to state plainly all facts and praying, specifically, for such relief as was thought proper, and, generally, for other relief, leaving it to the court upon the case as ultimately established by evidence, to award the proper relief. That was right. Plaintiff's cause of action is not, necessarily, for specific performance, as we have indicated. It is for any relief within the field covered by the pleading, which may be established by the evidence. (b) Counsel's proposition supposes a first agreement for a partnership and a second one for a corporation. There was but one agreement. One of the material parts thereof was to form the corporation to take over and continue the partnership business under a corporate

name.    (c) We fail to find any evidence of rescission of the partnership feature of the agreement.    Respondent seems to have insisted upon having that feature carried out or upon preserving his interest in the business as a partnership affair.

What has been said sufficiently covers the case.    The pleading seems to have the merit of being a plain and complete detail statement of transactions of making a business agreement and acts under and breaches of it.    That it states grounds for such relief as will remedy the wrongs complained of, hardly admits of serious discussion.

*By the Court.*—Order affirmed.