DANIELSON, Respondent, vs. GARAGE EQUIPMENT MANUFAC-
TURING COMPANY, Appellant.

*November 2, 1912—January 7, 1913.*

*Appealable orders: Pleading: Contract for services, etc.: Sufficiency of complaint: Causes of action not stated separately: Remedy.*

1. An order of the circuit court affirming an order of the civil court of Milwaukee county overruling a demurrer, is appealable under subd. 3, sec. 3069, Stats.
2. In an action on contract to recover a balance claimed to be due for services of plaintiff and moneys advanced in the erection of a factory building for defendant, the complaint (set out substantially in the opinion) is *held*, on demurrer, to be sufficient.
3. Where a complaint sets up two causes of action, pleaded together and not separately stated, the remedy is by motion, not by demurrer.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The defendant interposed a demurrer to plaintiff's complaint in the civil court of Milwaukee county. That court overruled the demurrer, and upon appeal to the circuit court the order of the civil court was affirmed, and an appeal from the order of the circuit court taken to this court. The following is the order of the circuit court from which the appeal to this court was taken:

"The appeal of the defendant from the order of the civil court for Milwaukee county overruling the defendant's demurrer to the plaintiff's complaint having been brought to a hearing before the court upon the return herein, after hearing Messrs. Flanders, Bottum, Fawsett & Bottum, attorneys for the appellant defendant, and Charles T. Hickox, attorney for the respondent, and after having duly considered the questions involved and being now fully advised in the premises, upon the motion of plaintiff's attorney,

"It is ordered and adjudged: That the order of the civil court in this action overruling the demurrer of the defendant

to the plaintiff's complaint, be, and the same hereby is, affirmed, and the clerk of this court is hereby directed to return to the clerk of said civil court the said action and the papers belonging thereto, for further proceedings according to law."

For the appellant there were briefs by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *F. L. McNamara.*
*Chas. T. Hickox,* for the respondent.

KERWIN, J. A preliminary question was raised in this court as to the appealability of the order of the circuit court. Briefs upon that question have been filed by counsel for both parties, in which they agree that the order is appealable. This court is of the opinion that the order is appealable.

On the merits it is argued by appellant that the complaint fails to state a cause of action. The complaint is upon contract. It charges substantially that plaintiff was to procure and provide as agent of defendant, at defendant's expense, all material and labor required for the construction of a factory building in accordance with plans and specifications prepared by an architect, which building was estimated to cost $20,000 including plaintiff's commission; that the plaintiff by the terms of the contract was to furnish his own apparatus, machinery, and tools, employ the labor, and purchase all material required in performance of the work; that should the building exceed $20,000 and not exceed $20,500, plaintiff's compensation was to be $2,000; that if the cost should be less than $20,000, plaintiff should be paid in addition to $2,000 twenty per cent. of the amount so saved to the defendant; that if plaintiff should be called upon to perform any additional work not specified in plans and specifications, he should receive for such additional work ten per cent. on the cost of the additional material and fifteen per cent. on the cost of additional labor, in excess of $20,500.

The complaint further alleges that plaintiff entered upon the work and that numerous changes were made in the plans

and specifications, whereby the proposed building was enlarged and strengthened, necessitating the expenditure of a larger amount of money than was estimated, and plaintiff was required to provide extra material to the amount of $8,986.28 and extra work to the amount of $2,122.02, "and that the factory finally built, completed, and equipped for said defendant under the charge of said plaintiff, by reason of said changes, equipment, and improvement of grounds, cost $31,277.83, or $11,277.83 more than the estimated cost of the building as originally planned;" that under the terms of the contract the plaintiff became entitled to compensation for extra material in the sum of $587.63, extra labor $318.30, in addition to $2,000 for cost of building as originally planned, and that by reason of the premises defendant became indebted to plaintiff in the sum of $2,896.93 and also in the sum of $5,614.08 for cash advanced by plaintiff in behalf of defendant and at defendant's special instance and request, making the total indebtedness to plaintiff from defendant $8,511.01, no part of which has been paid except $7,125.18, and that there is due the plaintiff, over and above all credits, $1,385.83 with interest from August 12, 1910.

The appellant contends that the complaint attempts to state two causes of action, neither of which is sufficient in facts. It will be seen that the complaint does not purport to state two causes of action as required by the Code. The whole matter is set forth as one cause of action. If the complaint sets up two causes of action, pleaded together, not separately stated, the remedy is by motion and not by demurrer. *State v. C. & N. W. R. Co.* 132 Wis. 345, 112 N. W. 515; *Sentinel Co. v. Thomson,* 38 Wis. 489; *Nichol v. Alexander,* 28 Wis. 118; *State ex rel. Rice v. Chittenden,* 107 Wis. 354, 83 N. W. 635; *McCall Co. v. Stone,* 124 Wis. 572, 102 N. W. 1053; *Gooding v. Doyle,* 134 Wis. 623, 115 N. W. 114.

We have set out quite fully the substance of the material parts of the complaint, and treating it as one cause of action,

as we must upon demurrer, we think it states a cause of action under the liberal rules of pleading which obtain in this state. Secs. 2668, 2829, Stats. (1898); sec. 3072m, Stats. (Laws of 1909, ch. 192); sec. 2649a, Stats. (Laws of 1911, ch. 354); *Schmidt v. Joint School Dist.* 146 Wis. 635, 132 N. W. 583; *St. Croix Con. C. Co. v. Musser-Sauntry L., L. & Mfg. Co.* 145 Wis. 267, 130 N. W. 102; *Bruheim v. Stratton,* 145 Wis. 271, 129 N. W. 1092; *Hall v. Bell,* 143 Wis. 296, 127 N. W. 967; *Bannen v. Kindling,* 142 Wis. 613, 126 N. W. 5; *Bieri v. Fonger,* 139 Wis. 150, 120 N. W. 862; *Prentice v. Nelson,* 134 Wis. 456, 114 N. W. 830; *Foeller v. Heintz,* 137 Wis. 169, 118 N. W. 543; *Andresen v. Upham Mfg. Co.* 120 Wis. 561, 98 N. W. 518; *Tucker v. Grover,* 60 Wis. 240, 19 N. W. 62; *Sentinel Co. v. Thomson,* 38 Wis. 489; *Messmer v. Block,* 100 Wis. 664, 76 N. W. 598.

We deem further discussion unnecessary. The facts stated in the complaint are sufficient upon demurrer, and therefore the order appealed from must be affirmed.

*By the Court.*—The order is affirmed.