LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Appellant, vs. AMERICAN STATE BANK, Respondent.

*November 8—December 7, 1943.*

For the appellant there were briefs by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald P. Hayes.*

For the respondent there was a brief by *George J. Graebner* and *Charles F. Millmann,* both of Milwaukee, and oral argument by *Mr. Millmann.*

BARLOW, J. The first cause of action in the amended complaint sets forth the public-improvement contracts with the city of Rhinelander and School District No. 8 of the city of Edgerton, and alleges that the payments received under these contracts are trust funds under sec. 289.53 (4), Stats., which provides:

"All moneys, bonds or warrants paid to, or to become due to any principal contractor or subcontractor for public improvements shall be and constitute a trust fund in the hands of such principal contractor or subcontractor. . . ."

It is then alleged:

"That defendant, from time to time, prior to and after the execution of said contract, loaned moneys to the contractor upon oral agreement with the said contractor, that the latter would pay to the defendant the proceeds from said contracts with the city of Rhinelander and from contracts with School District No. 8, city of Edgerton. . . . "

It then alleges the deposit from time to time of checks received for the public improvements in question and other funds in the contractor's account in defendant bank and the payment from this account, either by check or debit memorandum, of the loans made by defendant bank to the contractor. After alleging that the payments of the loans are in violation of sec. 289.53 (4), Stats., the amended complaint sets forth as follows:

"And that the said checks of the city of Rhinelander were clearly designated on the face thereof as trust funds and were known and recognized by the officers and employees of the defendant as such trust funds and that the account of the contractor in the defendant bank was a trust account and was known by the defendant to be such trust account, and that the defendant knew at all times mentioned in the amended complaint that the contractor was acting as trustee in depositing, holding and disbursing said funds and that the defendant held said funds as trustee in said trust account."

Respondent contends that eliminating the conclusions of law in the amended complaint, which are not admitted by demurrer, no cause of action is stated, and that no cause of action is stated against the defendant by reason of ch. 112, Stats., known as the "Uniform Fiduciaries Act." We are unable to agree with these contentions. In *Morse v. Gilman* (1863), 16 Wis. *504, *508, the court held:

"Contrary to the common-law rule, every reasonable intendment and presumption is to be made in favor of the pleading, and it will not be set aside on demurrer unless it be so fatally defective, that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever."

This rule has been approved in numerous cases by this court, the most recent being the case of *Whittier v. Atkinson* (1941), 236 Wis. 432, 435, 295 N. W. 781, where the following language was used:

" 'However,' as this court said in *Roe v. Lincoln County,* 56 Wis. 66, 70, 13 N. W. 887, 'inartificially the facts may be presented by the complaint, or however defective, uncertain, or redundant may be the mode of their statement, if a good cause of action can be gathered from it by a liberal interpretation, a demurrer to it will not be sustained.' "

It is a general rule of law, too universal to need citations, that pleadings must be liberally construed. That these funds

were clearly trust funds in the hands of the contractor is established by sec. 289.53 (4), Stats. Whether the deposit in the fiduciary's personal account and the application of the same to the payment of loans to the bank relieves the funds from the trust imposed upon it under sec. 112.01 (10) depends upon whether the bank, in receiving these funds had actual knowledge that the fiduciary was committing a breach of his obligation as fiduciary in making such deposits or in drawing such checks, or with knowledge of such facts that the action of the bank in receiving the deposits or paying the checks amounts to bad faith. The amended complaint alleges that the checks received for the public improvements clearly designate on the face thereof that they were trust funds and were known and recognized by the officers and employees of defendant bank as such trust funds. This in substance alleges that the bank had actual knowledge that the fiduciary was committing a breach of his obligation as fiduciary in making the deposits and in applying the funds to the loans in question. While it may be said that the allegations of actual knowledge on the part of the bank of the trust condition of the funds in question are matters of mixed law and fact, it cannot be said from the entire complaint that they are conclusions of law which are not admitted on demurrer. They are sufficient on a challenge by demurrer even though they are in part conclusions of law, and must be established by proof on the trial to entitle plaintiff to recover. *Gillett v. Robbins* (1860), 12 Wis. *319; *Bitzke v. Folger* (1939), 231 Wis. 513, 286 N. W. 36.

This case is clearly distinguishable from *Danischefsky v. Klein-Watson Co.* (1932) 209 Wis. 210, 244 N. W. 772, as it appears from the amended complaint that the money is necessary for the payment of claims on the public improvements.

We conclude that the demurrer to the first cause of action should have been overruled.

As to the second cause of action, plaintiff realleges in full the first cause of action and then proceeds to set forth additional facts and additional damages, and then makes claim to the damages in the first cause of action together with additional damages. It follows that by holding the amended complaint states a cause of action in the first cause of action, it is likewise good when it realleges its first cause of action thereafter. It does not necessarily follow that all of the claims made in the second cause of action are sufficiently set forth or that they are proper claims, but in *Bieri v. Fonger* (1909), 139 Wis. 150, 120 N. W. 862, it was held that if facts stated in the complaint constitute a good cause of action, though not the one intended by the pleader, the pleading is good as against a general demurrer. The following cases affirm this rule: *Bannen v. Kindling* (1910), 142 Wis. 613, 126 N. W. 5; *Hall v. Bell* (1910), 143 Wis. 296, 127 N. W. 967; *Bruheim v. Stratton* (1911), 145 Wis. 271, 129 N. W. 1092. Whether or not claimed defects in the second cause of action can be reached in some other manner is not before the court at this time. It follows that the demurrer to the second cause of action in the amended complaint should also have been overruled.

*By the Court.*—Judgment reversed, and the cause remanded with instructions to overrule the demurrer as to both causes of action.