WAUKESHA COUNTY DEPARTMENT OF SOCIAL SERVICES
and another, Respondents, v. LOPER, Individually and
as Executor, and others, Appellants.

*No. 276. Argued January 4, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 679.)

For the appellants there was a brief and oral argument by *Jack V. Silbar* of Menomonee Falls.

For the respondent Waukesha County Department of Social Services there was a brief by *Willis J. Zick*, corporation counsel, and oral argument by *August E. Fabyan, Jr.*, assistant corporation counsel.

For the respondent Lakeview Hospital there was a brief by *Cook & Franke, S. C.*, and *Robert L. Elliott*, all of Milwaukee.

BEILFUSS, J. The issue is whether the amended complaints state sufficient facts to constitute a cause of action.

This court has consistently stated that when challenged by demurrer the complaint must be liberally construed in favor of the pleading. In *London & Lancashire Indemnity Co. v. American State Bank* (1943), 244 Wis. 203, 207, 12 N. W. 2d 133, we repeated the rule, using this language:

" 'Contrary to the common-law rule, every reasonable intendment and presumption is to be made in favor of the pleading, and it will not be set aside on demurrer unless it be so fatally defective, that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever.' "

It is the position of the plaintiffs-respondents that their complaints do state a cause of action under either or both secs. 242.06 and 242.07, Stats., a part of the Uniform Fraudulent Conveyance Act (ch. 242).

These sections are as follows:

"242.06 **Same.** Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his

ability to pay as they mature, is fraudulent as to both present and future creditors."

"242.07 **Fraud in fact.** Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors."

The determinative allegations of the Waukesha county amended complaint are as follows: [2]

"5. That on July 25, 1968 Ethel B. Belot conveyed her homestead to the defendants by deed recorded in Volume 1138 of Deeds, Page 44, in the office of the Register of Deeds of Waukesha County. That upon information and belief no consideration was received by her from the defendants for such conveyance. That the legal description of the homestead so conveyed is as follows:
[Description omitted.]
"6. That on July 29, 1968 Ethel B. Belot, deceased, made an oral application to the plaintiff for Medical Assistance benefits and signed and filed a written application for such benefits with the plaintiff on August 16, 1968.
"7. That as a result of such application Ethel B. Belot, deceased, was certified for Medical Assistance benefits and was thereafter granted a total of $6,319.06 in Medical Assistance benefits by the plaintiff for the period from August 1, 1968 to June 20, 1969.
"8. That upon information and belief the only asset owned by Ethel B. Belot, deceased, in addition to this real estate was a payee's interest in a promissory note in the approximate sum of $7,000.00, payable by the terms of the note at $50.00 per month; that upon information and belief Ethel B. Belot was incapable of gainful employment at the time of such conveyance; that the conveyance of this real estate without consideration therefore rendered her unable to pay her present and future debts and obligations and that she knew or should have known this fact at the time she made the conveyance."

---

[2] Lakeview Hospital's complaint adopts paragraphs 5 and 8 by reference, and additionally alleges the dates the services were rendered and the charges therefor.

We believe a cause of action has been set forth in the amended complaints under sec. 242.06, Stats. It is alleged that Ethel B. Belot conveyed her homestead on July 25, 1968, to the defendants. The conveyance was not only "without fair consideration," it was allegedly made with no consideration. Ethel B. Belot was left without assets and with no income except $50 per month as her interest in a promissory note and was incapable of gainful employment, and therefore she knew or should have known she was unable to pay her present or future obligations. Just four days after the conveyance she applied for medical assistance. A few days thereafter she received medical assistance and a few months thereafter received hospital services. Both Waukesha county and the hospital were future creditors as of the time of the conveyance. The complaint, in our opinion, does state facts sufficient to constitute a cause of action under sec. 242.06.

Sec. 242.07, Stats., is quite similar to sec. 242.06 except that ". . . actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors."

As stated above, Ethel B. Belot, asked for and received medical assistance just a few days after the conveyance. After the conveyance she was without assets or income to pay medical bills of any substantial amount. An inference of actual intent to defraud future creditors can arise from those factual allegations.

The general rule in Wisconsin is that if valuable consideration has been rendered for a conveyance there must be proof that the grantee participated in an intent to defraud either present or future creditors. Otherwise such transactions are presumed valid unless the attacker shows by clear and satisfactory evidence that the conveyance was fraudulent. *Massey v. Richmond* (1932), 208 Wis. 239, 242 N. W. 507. However, in *Massey,* this court also stated at page 247:

". . . Where it appears that a person heavily indebted has transferred his property upon an inadequate consideration or constituted a third person a trustee for his benefit, the inference that it was done with fraudulent intent is readily drawn. . . ."

Further, ". . . [i]nadequacy of consideration may be a badge of fraud, . . ." and may be considered in relation to other facts to see if a conveyance was made to defraud creditors. *Fisher v. Shelver* (1881), 53 Wis. 498, 504, 10 N. W. 681.

In *Caldwell v. Caldwell* (1958), 5 Wis. 2d 146, 92 N. W. 2d 356, this court set aside a husband's gift of securities to his adult son because the husband was attempting to transfer his income-producing assets out of the reach of his wife who was about to sue him for divorce. The court was of the opinion that both the wife and the couple's minor child were future creditors within the contemplation of the husband. Therefore the conveyance was fraudulent to them under sec. 242.07, Stats., and the wife had a cause of action to recover the securities.

In *Caldwell,* as here, there was *no* consideration for the transfer or conveyance and the court gave no weight to the son's knowledge or lack of knowledge of fraud or intent of the grantor. Therefore in those instances where there is no consideration the knowledge or intent or participation in the fraud on the part of the grantee is immaterial. Equitably a grantee who has given no consideration can hardly claim, with justification, that he has been damaged.

We are of the opinion that the amended complaints set forth a cause of action under either sec. 242.06 or 242.07, Stats.

*By the Court.*—Order affirmed.