WILCOX and others, Respondents, vs. SCALLON, imp., Appellant.

*November 9—November 26, 1907.*

*Specific performance: Pleading: Complaint: Defect of parties: Demurrer: Indefiniteness: Remedy by motion: Laches.*

1. A complaint for specific performance of a contract for the conveyance of real estate, which alleges the death of the purchaser and that plaintiffs are his heirs, is defective and demurrable if it fails to specify whether or not plaintiffs are all the heirs and are all the parties interested in the land embraced in the alleged contract of sale.

2. Such defect goes to the question of a defect of parties and is not reached by a demurrer specifying only "a nonjoinder of necessary parties plaintiff," and under sec. 2651, Stats. (1898), is insufficient.

3. Indefiniteness and uncertainty in a pleading cannot properly be reached by demurrer, but must be reached by motion in that behalf.

4. In an action for specific performance of a contract for the conveyance of real estate, on demurrer it was *held* there was nothing in the complaint to show that the action was commenced within an unreasonable time after the vendee had performed the contract on his part.

APPEAL from an order of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The plaintiffs are children and the widow of Thomas J. Wilcox. Two of the minor children appear by guardian *ad litem.* It is alleged that on January 16, 1896, the defendant *William Scallon* was the owner in fee and in possession of certain premises, and that on that day he made an oral agreement to sell and convey these premises to the father of the plaintiffs on the following terms: That Thomas J. Wilcox should pay down a certain part of the purchase price, the balance to be paid at some time convenient to Thomas J. Wilcox; that upon payment a deed should be executed and delivered; and that Thomas J. Wilcox should be immediately let into possession of the premises to make valuable improvements. It is alleged that a quitclaim deed was executed and delivered in escrow to the defendant John Carpenter; that with defendant's [*Scallon's*] consent Thomas J. Wilcox immediately went into possession and continued therein until the time of his death, having meanwhile made valuable improvements. It is alleged that the parties to the agreement agreed upon the way in which the balance of the purchase price should be paid, namely, that the defendant [*Scallon*] should be allowed to cut timber from the premises, the value of the timber to be applied on the balance, and that Thomas J. Wilcox was to work for the defendant in cutting the timber, and was also to clear some land for the defendant, the compensation for his work to be also applied on the balance. It is alleged that the total value of the material thus fur-

nished and the labor performed exceeded the balance due
the defendant, and it is also alleged that this balance belongs
to the estate of Thomas J. Wilcox. It is alleged that Thomas
J. Wilcox tendered the balance of the purchase price and de-
manded a deed and that the deed was refused; that *William
Scallon* has withdrawn the deed from escrow; that Thomas
J. Wilcox performed all the conditions of the agreement; that
plaintiffs have been in possession of the premises since the
death of Thomas J. Wilcox; and that upon defendant's ex-
ecuting a deed of conveyance of the premises they, the heirs
of Thomas J. Wilcox, are ready and willing to perform such
conditions as may be proper and just. Judgment was de-
manded that the defendants deliver the deed and convey the
lands to the plaintiffs in accordance with the terms of the
agreement. The demurrer of each of the defendants to the
original complaint was sustained, as was the demurrer of the
defendant John Carpenter to the amended complaint. This
is an appeal from the order overruling the demurrer of the
defendant *William Scallon* to the amended complaint.

For the appellant there was a brief by *Grotophorst, Evans
& Thomas,* and oral argument by *E. A. Evans.*

*Albert Wood,* for the respondents.

SIEBECKER, J. The complaint is one for the specific per-
formance of a contract for the sale of land by the defendant
*William Scallon* to Thomas J. Wilcox. It is alleged that the
conditions of the agreement as modified by the parties thereto
have been performed on the part of the vendee, Thomas J.
Wilcox, but that the vendor, *William Scallon,* defendant in
this action, refuses to carry out his obligations and refuses
to convey the premises as it is claimed he agreed to do. The
complaint is demurred to on several grounds, and the trial
court overruled the demurrer as to the defendant *William
Scallon.*

It is now contended that the complaint is fatally defective,

in that it wholly omits to state who are the heirs of Thomas J. Wilcox. It sufficiently appears that Thomas J. Wilcox had died before this action was commenced. The only allegations showing that he left any heirs are the statements that he was the father of the plaintiffs and that plaintiffs are his heirs, but it nowhere appears that they are all of his heirs or : that they are the only parties that have an interest in the land covered by the contract set out in the complaint. Under these circumstances no final decree can be entered without affecting the interest of all persons interested in the land, or the controversy would be left in a condition which might result in inequity to the defendant and other persons, if any there are, not parties to this action but having an interest in the land. The complaint is therefore defective in failing to specify whether or not plaintiffs are all the parties interested in the land embraced in the alleged contract of sale.

This defect goes to the question of a defect of parties. The demurrer upon this ground is in the following words: "That there is a nonjoinder of necessary parties plaintiff." Sec. 2651, Stats. (1898), provides that "the demurrer shall distinctly specify the grounds of the objection to the complaint, in the language of the subdivision of sec. 2649 relied upon, adding, if based upon the . . . fourth subdivision [the one here in question], a particular statement of the defect. . . . Unless it do so the demurrer may be stricken out." In the case of *Baker v. Hawkins,* 29 Wis. 576, it was held that such a demurrer must show who are the proper parties so as to inform the opposite party and the court of the particular defect and to enable the party to amend. This rule is incorporated in sec. 2651, Stats. (1898). This procedure was pointed out in *Murray v. McGarigle,* 69 Wis. 483, 34 N. W. 522; *Emerson v. Schwindt,* 108 Wis. 167, 84 N. W. 186. Under the statutes and the decisions the demurrer sought to be interposed is insufficient in its terms and cannot be upheld as contended by appellant.

It is claimed that the complaint is indefinite and uncertain. Any defect in the complaint for want of definiteness and certainty must be reached by motion to make more definite and certain and is not properly raised by demurrer. It cannot be said from the facts alleged that the plaintiffs have been sleeping on their rights and should therefore be estopped from enforcing them in this action. There is nothing in the complaint to show but that the action was commenced within a reasonable time after the parts of the contract alleged to have been modified were executed by the vendee.

We find nothing in the record that would justify us in sustaining the demurrer to the complaint upon any of the grounds urged.

*By the Court.*—The order appealed from is affirmed.