FRANKE, Respondent, vs. H. P. NELSON COMPANY, imp., Appellant.

*April 11—May 1, 1914.*

*Pleading: Demurrer: Sufficiency of complaint: Misjoinder of causes: Defect of parties: Equity: Quieting title to securities: Preventing multiplicity of actions: Proper and necessary parties.*

1. A general demurrer will not lie to a complaint which states any cause of action, legal or equitable.
2. To make a cause of action there must be a right in the plaintiff and a violation of such right by the defendant.
3. A complaint alleging that one of the defendants, a piano company, sold pianos to various persons on credit, taking promissory notes therefor secured by collateral agreements, which notes and agreements (about forty-eight in number) it sold and delivered to plaintiff; that afterward it sold duplicate and triplicate copies of such collateral agreements to other defendants, who assert a paramount claim thereto, have collected money thereon, and have notified the purchasers not to pay the plaintiff; and that in some instances it has taken back the pianos, resold them, and taken new notes and securities which it has disposed of to still other defendants, is *held* to state a cause of action in equity to determine the title to the securities and to adjust the rights and equities of the parties in respect thereto and to the moneys collected thereon.
4. The prevention of a multiplicity of actions is sufficient to justify the resort to equity in such a case, the title of the parties, except the piano company, being derived from a common source, the matters in dispute being of the same nature and having a connection with each other, and all the parties being more or less concerned in the result.
5. Such complaint states a single cause of action and is not open to the objection that several causes of action are improperly united, even though greater relief may be asked for than plaintiff is entitled to.
6. A demurrer to such complaint on the ground that there is a defect of parties defendant in that the several makers of the contracts sold to plaintiff are not made parties, sufficiently particularizes the defect relied on, under sec. 2651, Stats., since plaintiff could readily ascertain from the contracts the names of such omitted parties.
7. When a final judgment is entered in the action determining and

quieting the title to the securities, the debtors may safely act thereon and make payment to such parties as the court decides are entitled thereto, and the defeated claimants will be estopped from asserting any rights against them. There is, therefore, no apparent necessity for such debtors to be made parties.

8. The necessity of joining such parties not appearing on the face of the complaint, the defect, if there be one in that respect, should be taken advantage of by answer, as provided in sec. 2653, Stats.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to the complaint in the action. In such complaint the following named corporations are made defendants: Heller Piano Company, Commercial Securities Company, *H. P. Nelson Company,* Hamilton Investment Company, and Merchants Discount Company. And the following individuals are named as defendants: Cornelius Wolf, Peter Wolf, and Albert Salomon, copartners doing business as Badger Investment Company; Earl C. Juneau, C. H. Landwehr, and Henry J. Nunnemacher. The complaint sets forth that the Heller Piano Company was engaged in the business of manufacturing and dealing in pianos and musical instruments in Milwaukee; that such pianos and instruments were sold and delivered by the Heller Piano Company to various purchasers, such purchasers executing and delivering to said piano company promissory notes payable in instalments, secured by collateral agreements in writing; "that the said Heller Piano Company, between the 1st day of January, 1911, and the 1st day of October, 1913, of the notes and contracts so received by it, for a good and valuable consideration, sold, assigned, and conveyed to the plaintiff notes and contracts" executed by a large number of purchasers, and that certain other notes and contracts were assigned to one Reichardt, who in turn sold and assigned them to the plaintiff; that the piano company required the purchaser of instruments to execute the written contracts referred to in

duplicate and sometimes in triplicate, and that after the sales to the plaintiff such duplicate and triplicate contracts were sold to other defendants in the action, and that in each instance it was represented that the purchaser was securing a good title to the security sold and to the instrument described therein, subject to the right of the purchaser of the instrument to acquire title on payment of the purchase price, and that the defendants who purchased such duplicate and triplicate contracts were claiming the right to enforce the alleged securities which they held.    It is further alleged that in some instances the piano company took back the pianos described in the complaint, which they had sold, and resold them a second or third time, taking duplicate and triplicate contracts from the later purchasers, and that these contracts and the notes given therewith were in turn sold to some of the defendants, instead of being turned over to the plaintiff.    The complaint further states that the piano company collected various sums aggregating $25,000, which belonged to the plaintiff and which it has failed to pay over and which it has converted to its own use; that the accounts of the piano company are so hopelessly confused that it is now impossible to tell what the rights of the parties in and to the contracts and notes are, and that the plaintiff and certain of the defendants have served notice on the makers of the notes and contracts claiming to be entitled to the money due thereon, and that such makers in some instances, not knowing whom to pay, have refused to pay any one; that the Commercial Securities Company and the *H. P. Nelson Company* are really adjuncts of the Heller Piano Company and are chargeable with notice of its dishonest practices in the particulars mentioned; that the Heller Piano Company has been allowing the Commercial Securities Company and the *H. P. Nelson Company* to collect from the purchasers of musical instruments, and are arbitrarily withholding from the other defendants and the plaintiff moneys which belong to them; that the Heller Piano Company and its officers and

stockholders have appropriated large sums of money belong-
ing to the plaintiff; that the Heller Piano Company sold to
its codefendants and to the plaintiff negotiable paper secured
by said contracts to the amount of $300,000, and that the
amount now due to such parties on such paper is upwards of
$200,000; that the Heller Piano Company is insolvent, but
its general creditors are not interested in the moneys to be col-
lected on said notes; that plaintiff is entitled to priority as
against the Securities Company and the *Nelson Company* in
all notes and contracts which it holds; that plaintiff has no
adequate remedy at law; that it is necessary to appoint some
disinterested person *pendente lite* to collect instalments as they
become due and pay the money into court, to the end that it
may be paid over to the party entitled thereto; that there is
now actually due the plaintiff on the notes and contracts pur-
chased by him $11,500.

The relief demanded was (1) that some disinterested per-
son be appointed with full power to collect in all outstanding
money that may be due or may become due on the notes or
contracts obtained by the Heller Piano Company, and hold
the same subject to the order of this court; (2) that an ac-
counting be had between the plaintiff and the Heller Piano
Company and all of the other defendants, and between all of
the parties hereto as to each other, and between all the parties
hereto and all other persons, firms, or corporations who may
desire to become parties hereto, to the end that the final judg-
ment to be entered herein shall equitably dispose of all of the
rights of all persons, firms, and corporations interested, as
such rights may appear; (3) that the Heller Piano Company
and all of the other defendants and all other persons, firms,
and corporations, their agents, servants, and employees, be re-
strained and enjoined from collecting or receiving any moneys
whatsoever on said notes, contracts, and other evidences of
indebtedness or from interfering in any way with such notes,
contracts, and evidences of indebtedness; (4) that a full, com-

plete, and final partition and division of all of said notes and contracts and other evidences of indebtedness be had between the parties; (5) that a final judgment be entered in favor of the plaintiff and against each of said defendants who may be indebted to him or have property in their possession belonging to plaintiff, for such amount as the court upon hearing may determine; (6) that the sale and transfer of the notes, contracts, and securities of the Heller Piano Company to either the said *H. P. Nelson Company* or the said Hamilton Investment Company be declared null and void; (7) that plaintiff have such other and further relief as may be just and equitable.

Upon the original complaint a preliminary injunction was issued, which, among other things, restrained the defendants and each of them and their agents and attorneys from collecting any of the moneys now due or which might thereafter become due on the outstanding notes and contracts mentioned in the complaint. The Heller Piano Company was restrained from disposing of the notes, contracts, or securities referred to in the complaint, and restrained from interfering with the plaintiff in collecting the moneys due thereon or which might thereafter become due thereon.

The amendment to the original complaint consisted in substituting the name of Earl C. Juneau for that of N. S. Robinson as one of the parties defendant, and in setting forth that the Badger Investment Company was a copartnership consisting of Cornelius Wolf, Peter Wolf, and Albert Salomon, the original complaint alleging that said company was a corporation. The *H. P. Nelson Company* interposed an answer to the original complaint and demurred to the amended complaint on the following grounds: (1) The complaint did not state facts sufficient to constitute a cause of action. (2) There is a misjoinder of causes of action in the complaint. (3) There is a defect of necessary parties defendant, in that the several makers of the contracts for the sale of the pianos alleged to have been sold and delivered by the Heller

Piano Company to the plaintiff are not made parties. The demurrer was overruled.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* and oral argument by *A. D. Stebbins.*

*William E. Burke,* for the respondent.

BARNES, J. If the complaint states any cause of action legal or equitable, a demurrer on the ground that no cause of action is stated will not lie. Sec. 2649*a,* Stats.; *St. Croix C. C. Co.* v. *Musser-Sauntry L., L. & M. Co.* 145 Wis. 267, 130 N. W. 102; *State ex rel. Att'y Gen.* v. *Norcross,* 132 Wis. 534, 112 N. W. 40.

The action apparently is primarily brought to quiet title to certain choses in action held by the plaintiff, consisting of notes secured by liens on the pianos in payment for which the notes were given. As incidental to the main relief, certain of the defendants are asked to account for and pay over to the plaintiff moneys which they collected from the purchasers of pianos which the plaintiff asserts belong to him. Plaintiff also seeks to have the defendants turn over to him the securities taken on resales of pianos where he holds the notes and liens given on the original sale, on the ground that he is in fact the owner of such securities because of the liens which he held on the musical instruments by virtue of the original sales.

Unless the complaint shows a primary right on the part of the plaintiff, a corresponding duty on the part of the appellant, and a violation of that right or duty by the appellant, no cause of action exists. There must be a right in the plaintiff and a violation of it by the defendant to make a cause of action. *McArthur* v. *Moffet,* 143 Wis. 564, 128 N. W. 445.

As to the pianos still held by the purchasers named in the contracts enumerated in the complaint, the plaintiff asserts the right to be declared to be the true owner of the notes and contracts outstanding and of the right to collect such notes

from the makers, in cash or by seizure and sale of the pianos under the contracts assigned to him, without interference or molestation from the defendants.    It is alleged that the right has been violated by the defendants in at least three particulars: (1) By asserting a paramount claim to the securities given by the purchasers; (2) by actually collecting money from them on the strength of such claim; and (3) by forbidding the purchasers to pay plaintiff the amounts due him.

As to the pianos which were taken back and resold, the plaintiff asserts the right to have the cash paid on the resale turned over to him, and the further right to have the securities taken on such resale delivered to him.    If these rights existed, the complaint shows that they have been flagrantly violated.    It is quite clear that the complaint shows a primary right and a violation of such right.    The real question presented is: Has the plaintiff an adequate remedy at law? He can commence suits against the makers of the securities which he holds on instalments as they become due, and in such suits the ownership of the securities may be determined by bringing all parties in interest before the court, but it does not follow that such a remedy is adequate.

In each instance there are two or more persons who claim to be the sole owners of a chose in action.    The debtor does not know which one to pay, and to be on the safe side must refuse to pay any of the claimants.    Of course the debtor can wait until suit is brought and then pay the money into court and ask that all claimants to the fund be made parties to the action and then let them fight it out.    But such a proceeding involves expense to the purchasers and as many actions as there are contracts.    Undoubtedly many of the debtors can ill afford the expense, and if it were otherwise that would be no good reason why they should be subjected to it. The title to the securities being once determined by a judgment of court, the necessity for further litigation will in all probability be obviated.    Those desiring to pay will have a

means of knowing to whom payments may be made, and those who desire to surrender their pianos will know to whom the surrender should be made.

As the matter now stands, none of the debtors can with any degree of safety pay the plaintiff or any one else, because if they should pay the wrong party they may be called upon to pay a second or even a third time. The plaintiff asserts the right to collect the amounts due and to become due on some forty-eight musical instruments sold to as many different purchasers. In each instance there is at least one other claimant. This means, in all probability, that if plaintiff is relegated to his remedy at law he will have to bring a large number of suits and to bring them against persons who may be perfectly willing to pay whenever the not unreasonable privilege is accorded to them of knowing definitely who is entitled to the money. The main object and purpose of this suit is to settle that question and to settle it without a multiplicity of suits and without unnecessary hardship to the plaintiff or to innocent third parties.

It certainly seems reasonable enough to permit the maintenance of a single action to adjust the rights and the equities of the parties thereto. The action commenced partakes of the nature of the old bill of peace. The prevention of a multiplicity of suits is a recognized head of equity jurisdiction. The action can be sustained on this ground and perhaps on other grounds as well, but this one is sufficient. The numerous controversies that would arise in case relief was sought at law would really be controversies between the parties to this suit, because presumably the debtors would in most cases pay what they owed into court and ask that the various claimants who are parties to this action be brought in to litigate their right to the money so paid. The parties to this action, excepting the Heller Piano Company, derive their title to the securities or supposed securities which they hold from a common source; the matters in dispute are of the same

nature and have a connection with each other, and all of the parties are more or less concerned in the result. These facts are sufficient to justify a resort to the equity side of the court. 16 Cyc. 66 and cases cited; 1 Pomeroy, Eq. Jur. (3d ed.) § 246; *New York & N. H. R. Co. v. Schuyler,* 17 N. Y. 592, 596 *et seq.; Saratoga Co. v. Deyoe,* 77 N. Y. 219, 225; *Black v. Shreeve,* 7 N. J. Eq. 440, 456; *Sheffield Waterworks v. Yeomans,* L. R. 2 Ch. App. Cas. 8, 11.

The contention that several causes of action are improperly united is not well taken. The complaint purports to state but a single cause of action, and no motion has been made to make it more definite and certain by separately stating the different causes of action which the appellant seems to think are stated therein. We think it states but a single cause of action, with which is coupled a demand for relief incidental to the cause stated. It may well be that the plaintiff has not been overmodest in asking relief, but the number of causes of action stated in a complaint is not determined by the comprehensive character of the relief prayed for, and it does not follow that because too much is asked the court is going to grant any greater relief than the plaintiff is justly entitled to.

The complaint was also demurred to on the ground that there is a defect of parties defendant, in that the several makers of the contracts for the sale of pianos alleged to have been sold and delivered by the Heller Piano Company to the plaintiff were not made parties. There is probably a sufficiently particular statement of the defect relied on to comply with sec. 2651, Stats., inasmuch as plaintiff could readily ascertain the names of the persons whom the demurrant claims should be made parties, by consulting the contracts which he holds. *Baker v. Hawkins,* 29 Wis. 576; *Murray v. McGarigle,* 69 Wis. 483, 34 N. W. 522.

It may be that some of those persons are necessary parties to a determination of the controversy which the plaintiff seeks to settle. That fact, if it is a fact, does not appear from the

face of the complaint.    The defect, therefore, if there is one, should be taken advantage of by answer, as provided in sec. 2653, Stats.

We think, when a final judgment is entered in this action determining and quieting title to the securities in controversy, the debtors may act on such determination and make payment to such parties as the court decides are entitled thereto, and that such judgment will estop the defeated claimants from enforcing their alleged claims against such debtors.    Certainly after a judgment is entered quieting title to real estate a prospective purchaser or incumbrancer can rely thereon and deal with the party whose title is quieted without fear of successful molestation from the defeated claimant.    We see no reason why the same rule should not apply to chattels where equity has jurisdiction to settle the title thereto.    For this reason it is not apparent from the complaint why the debtors should be made parties to this suit.

*By the Court.*—Order affirmed.