BUERGER, Respondent, vs. BUERGER and another, Trustees, Appellants.

*September 13—October 10, 1922.*

*Pleading: Duplicity: Remedy: Motion to make more definite and certain: Defect of parties: Accounting between trustees and life tenant: Remaindermen.*

1. Where two causes of action are intermingled in one count, the remedy is not by demurrer but by motion to make more definite and certain.
2. When a demurrer is based on the ground that there is a defect of parties defendant appearing on the face of the complaint, the demurrer must show the proper parties to be joined; but where the plaintiff can readily ascertain the names of the necessary parties, the demurrer need not state them.
3. In an action by a life tenant against trustees for an accounting for profits realized from the sale of corporate stock and to compel the trustees to turn over these profits to the life tenant, where the complaint showed that there was one or more remaindermen, a demurrer on the ground that there was a defect of parties was well taken, as the remaindermen had an interest in the question whether these profits belonged to the life tenant.

APPEAL from an order of the circuit court for Dodge county: C. M. DAVISON, Circuit Judge. *Reversed.*

Action for an accounting against certain of the trustees of the estate of Anton Buerger, deceased. The complaint alleged that plaintiff was the only heir at law of Anton Buerger, deceased; that administration proceedings were had on his estate in the county court of Dodge county; that thereafter the county court made an order assigning certain real estate to plaintiff, and the remainder of the estate to *Peter Buerger,* Konrad Buerger, and the plaintiff as trustees, the order providing, among other things:

"That all the profits, interest, and income of said estate, other than the homestead, in the hands of the trustees, shall be paid to the said *Anna Buerger,* annually as long as she shall live, and if any part of said estate shall consist of shares of stock in any corporation, the dividends actually

declared by such corporation on such stock shall represent the amount of profits, interest and income of that part of said trust estate within the meaning of such words when used herein, and if any salary be paid to said *Anna Buerger* as officer in any company in which said Anton Buerger held stock at the time of his death, then such salary shall be deemed income and shall be added and be considered a part to and of the profits, interest, and income derived from such estate; provided that if such profits, interest, and income of said estate, exclusive of said homestead, shall fall below $250 per month or $3,000 per year, then the trustees shall make up such deficiency from the *corpus* of said estate, but in order to balance up the *corpus* of said estate and make up such deficiency, if any, the trustee shall not pay to said *Anna Buerger* above $250 per month or $3,000 per year until such deficiency is made good and the full amount of the *corpus* of the estate restored."

That the trustees have paid to the plaintiff the sum of $250 per month or $3,000 per year; that in order to make such payment they have taken from the *corpus* of the estate the sum of $1,956.64.

"That among the property received by the trustees herein were forty shares of the capital stock of the Buerger Malting Company, a Wisconsin corporation, of the value, as set forth in the inventory and appraisal in the matter of the estate of said Anton Buerger, deceased, of $20,000; that heretofore and about the month of January, 1919, the trustees of the said Anton Buerger estate sold and transferred said shares of stock to *Peter Buerger,* above named, for the sum of $43,333.33; that by such transfer and sale the trustees made a profit of $23,333.33; that plaintiff has demanded that the trustees pay over and account to her for the profit so realized, less the aforesaid sum of $1,956.64, to make up the deficiency in the *corpus* as above set forth; that *Anna Buerger,* as trustee, is willing to pay over such profit but that the defendants refuse so to do."

The sixth paragraph of the complaint alleged further:

"That at the time of the death of said Anton Buerger he owned and was in possession of certain shares of the capital stock of the Hanover Brewing Company, a foreign corpora-

tion; that plaintiff does not know the exact number or value of such shares; that the defendant *Peter Buerger,* as plaintiff is informed and believes, came into possession of the stock certificates representing such shares and that he has never accounted therefor."

The judgment demanded was that defendants account and pay over to plaintiff the profit realized on the sale of the stock of the Buerger Malting Company, less the amount mentioned to restore the trust estate; and that the defendant *Peter Buerger* account to the trust estate for the shares of stock of the Hanover Brewing Company.

Defendants demurred on the grounds that the complaint did not state facts sufficient to constitute a cause of action; that the court had no jurisdiction of the matter set forth in the complaint; that the matter could be better determined in the county court; that there was another action pending; that several causes of action had been improperly joined; and

"That there is a defect of parties defendant by reason of the fact that only the trustees are joined in this action and that the *cestuis que trustent* are not made parties to this action and all of said persons are parties to the action and proceedings now pending in the county court in probate of Dodge county."

The court ordered that the demurrers be overruled.

The cause was submitted for the appellants on the brief of *George C. Wheeler,* attorney, and *T. L. Doyle,* of counsel, both of Fond du Lac, and for the respondent on that of *Ida E. Luick* of Milwaukee.

JONES, J.    The statute provides, among other things, that the complaint shall contain "a plain and concise statement of the facts constituting each cause of action, without unnecessary repetition."    Sub. (2), sec. 2646, Stats. In drafting this complaint plaintiff's counsel evidently attempted to make a concise statement of the necessary facts,

but in so doing omitted many facts that would have thrown needed light upon the controversy.

It is clear that an order was made by the county court appointing trustees in the estate, but it does not appear what was the authority upon which the order was based. It is claimed, from the fact that a final account of administrators had been modified, that the order could not have been based on a testamentary trust. If there was an agreement creating a trust it does not appear whether it was made by the deceased during his lifetime or by parties interested subsequent to his death. Although it is apparent that a trust was created in some manner, it does not appear whether the trustees have made reports to the county court since the order in question, or whether or not they have continued to act under the direction of the court.

It is claimed by counsel for the plaintiff that the final decree must have been entered upon some agreement or stipulation; that the estate was finally settled, and the jurisdiction of the county court was terminated. On the other hand, it is argued by counsel for defendants that under the statute expressly giving the county court jurisdiction in all cases created by will admitted to probate and in all matters relating to the settlement of estates of deceased persons, the circuit court had no jurisdiction, and they rely upon *Estate of Johnson,* 175 Wis. 248, 185 N. W. 180; *Pietraswicz v. Pietraswicz,* 173 Wis. 523, 181 N. W. 722; and *Wisdom v. Wisdom,* 155 Wis. 434, 145 N. W. 126.

Since we have come to the conclusion that the demurrer should be sustained on another ground, it seems best that the decision as to the jurisdiction of the circuit court should be deferred until the facts are more fully stated in the complaint.

From the bare facts that certain capital stock was inventoried for the sum of $20,000 and that it has been sold by the trustees for $43,333.33, it is claimed that the difference in amount between the two sums should be

paid to the life tenant.   There are no allegations of fraud or misconduct on the part of the trustees or that the earnings of the corporation after the final decree and before the sale exceeded the amounts paid to the life tenant, or that the inventory actually represented the true value of the stock, and the cause of the increase of the value, if any, is not stated.

It is argued by counsel for plaintiff that we should presume that the enhancement in value over that stated in the inventory was due solely to an accumulation of earnings after the trustees came into possession.  Counsel for defendants rely on the following language in the order:  "If any part of said estate shall consist of shares of stock in any corporation, the dividends actually declared by such corporation on such stock shall represent the amount of profits, interest, and income of that part of said estate within the meaning of such words when used herein," and claim that this language limits plaintiff to the amount she has received. They also claim that the increase may have been due to natural causes, and, if so, that the increase in value of the property held as an investment goes not to the life tenant but to the remainderman.   For the reasons already stated it is not necessary to decide this question at this time.

It is one of the grounds of the demurrer that two causes of action have been improperly joined, one being against two persons as trustees, and the other an action against one of them individually for an accounting as to an entirely separate transaction.   This objection would be valid if the alleged causes of action were separately stated, but in this complaint they are intermingled in one count.   It is well settled that in such case the remedy is not by demurrer but by a motion to make more definite and certain.   *Danielson v. Garage E. M. Co.* 151 Wis. 492, 494, 139 N. W. 443; *Nichol v. Alexander,* 28 Wis. 118.   If this course had been taken by defendants' counsel and if by an order of the

court the facts had been properly and more fully stated, the litigation might have been materially shortened.

Another ground of demurrer is that there is a defect of parties defendant appearing on the face of the complaint. It seems clear that this objection is well taken. Only a part of the order made by the court is set forth in the complaint, but from this it appears that there is a life tenant; that certain income is to be paid to her; and that there is a *corpus* of the trust estate which is to be preserved. The conclusion is inevitable that this *corpus* was to go to one or to several remaindermen. These persons have a very vital interest in the question whether $23,333.33, claimed to be part of principal, shall be paid over to the life tenant, and obviously they should be made parties.

When a demurrer is made on this ground, the statute requires "a particular statement of the defect." Secs. 2649, 2651, Stats. This part of the demurrer is as follows:

"There is a defect of parties defendant by reason of the fact that only the trustees are joined in this action and that the *cestuis que trustent* are not made parties to this action and all of said persons are parties to the action and proceedings now pending in the county court in probate of Dodge county."

It has been several times decided by this court that the demurrers must show the proper parties to be joined. *Wilcox v. Scallon*, 133 Wis. 521, 524, 113 N. W. 948; *White v. White,* 132 Wis. 121, 125, 111 N. W. 1116. But it is also the rule that where the plaintiff can readily ascertain the names of the necessary parties the demurrer need not state them. *Franke v. H. P. Nelson Co.* 157 Wis. 241, 147 N. W. 13. In this instance plaintiff is claiming under a trust as life tenant. Necessarily the order on which suit is brought names the remaindermen or *cestuis que trustent*. The plaintiff can hardly claim that these names were unknown to her, and we must hold that the demurrer

contained a particular statement of the defect within the meaning of the statute.

*By the Court.*—The order overruling the demurrer to the complaint is reversed, and the cause remanded for further proceedings according to law.