Karass, Respondent, vs. Marquardt and others, Appellants.

*February 9—March 7, 1939.*

For the appellants there was a brief by *Zimmers, Randall & Zimmers* of Milwaukee, and oral argument by *Clifford A. Randall.*

For the respondent the cause was submitted on the brief of *Jack Sattell* of Milwaukee.

ROSENBERRY, C. J. The complaint consists of fifty thousand words. After describing the parties, the relation of the defendants to the transactions complained of, there is set out certain facts which would constitute a cause of action against the defendant, Reinhold G. Marquardt. The transactions complained of cover a period of time beginning with the year 1917, at a time when certain of the defendants were not connected with the corporation, and extend down through the years to 1935. Plaintiff alleges that the facts did not come to his knowledge until the 1st day of July, 1938. The trial court disposed of the demurrer on the ground that the demurrer being joint and a cause of action being stated against one of the defendants, it was good as against a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. This seems to overlook the fact that Reinhold W. Marquardt and William T. Marquardt separately demurred. The trial court was correct in holding that as against a joint demurrer that the complaint does not state a cause of action if a cause of action is stated against any one of the defendants, the demurrer must be overruled. *Thomsen v. Olson* (1935), 219 Wis. 145, 262 N. W. 601.

The trial court was further of the view:

"The action being of the broad, equitable nature stated . . . the mere fact that a number of items are included in one action will not justify an attack upon the ground of misjoinder of causes of action."

The matters complained of in the complaint are not mere items, they are separate transactions extending over fifteen years. Some of the acts complained of occurred at a time when some of the defendants were not members of the corporation or related to it. The mere fact that the complaint did not state the several causes of action in separate counts is not material so far as improper joinder is concerned. *Ernest v. Schmidt* (1929), 199 Wis. 440, 223 N. W. 559, 227 N. W. 26.

If a complaint intermingles several causes of action which might properly be joined, the remedy of the defendants is then by a motion to make more definite and certain. *Buerger v. Buerger* (1922), 178 Wis. 352, 190 N. W. 126; *Sentinel Co. v. Thomson* (1875), 38 Wis. 489. Where, however, the separate causes of action are intermingled in one count and the actions are not joinable, the remedy is by demurrer. *Ernest v. Schmidt, supra.* In order that separate causes of action may be united in the same complaint the causes of action must affect all of the parties to the action and must be stated separately. (Sec. 263.04, Stats.)

Paragraphs 11, 12, 13, and 14 of the complaint charge the wrongful use of corporate funds pursuant to a conspiracy entered into between Reinhold G. Marquardt, Reinhold W. Marquardt, Frederick C. Marquardt, and Charles R. Marquardt, the transactions reaching back to the year 1917 and extending to the year 1932. It is not alleged that the defendants, William T. Marquardt and J. G. Dierkes were parties to this conspiracy.

It is undoubtedly true, as the trial court held, that the complaint states a cause of action against Reinhold G. Marquardt,

who, as appears from the allegations of the complaint, was one of the conspirators and the principal beneficiary of the alleged misappropriation of corporate funds. J. G. Dierkes was not a conspirator. One of the transactions as to which the plaintiff seeks recovery is said to be that J. G. Dierkes was wrongfully paid a salary of $500 per month as director. The plaintiff asks that he be required to restore that to the treasury of the corporation. These allegations set out a cause of action against J. G. Dierkes which is a separate and distinct cause of action. He not being a member of the conspiracy is liable only upon his own account for what he has wrongfully received.

The complaint therefore states two separate causes of action which do not affect all of the parties to the action, and are therefore not joinable and although the causes of action are intermingled, the actions being not joinable, the complaint is demurrable on the ground that several causes of action have been improperly united.

Numerous other defects are pointed out. It is no part of the court's duty, either trial or appellate, to draw the pleadings in an action, so we consider the matter no further than is necessary to decide the issue presented. The complaint must be amended in any event and the defects pointed out will undoubtedly be cured.

*By the Court.*—The order overruling the demurrer is reversed, and cause remanded with directions to sustain the demurrer upon the grounds indicated in this opinion.