MICHELS, Administrator, Plaintiff, vs. MICHELS and others, Defendants. [Five appeals.]

*March 10—June 2, 1942.*

540

For the plaintiff there were briefs by *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

For the defendants Katie Polacheck Michels, Jessie Polacheck Wetzler, Jean Polacheck, Sophie Polacheck, and Daniel E. Michels there was a brief by *Benjamin F. Saltzstein,* and oral argument by *Howard G. Brown,* both of Milwaukee.

For the defendants Max Karger and Arthur Goldstein there were briefs by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

The following opinion was filed April 7, 1942:

ROSENBERRY, C. J. Plaintiff's complaint is not folioed but contains approximately eighty folios. We see no necessity of setting out the allegations of the complaint at length and will state only such facts as are necessary to a disposition of the case upon this appeal.

This is an action for a partnership accounting, the operation of the business involved, in its various phases, covered the period from January 1, 1915, to the time of the commencement of this action. A consideration of the allegations of the complaint indicate plainly that only a part of the facts necessary to a determination of this controversy are now before the court. Most of the allegations of the complaint are made upon information and belief. Having indicated that fact, we shall not make any distinction in setting out the facts between those alleged upon information and belief and those alleged upon knowledge. While the complaint alleges various misapplica-

tions of funds by the persons who had charge of the business of J. and S. Polacheck, it is considered that these matters should be disposed of upon a final accounting and that the allegations of the complaint are ample to bring these accounting matters before the court for determination.

In brief outline the facts are as follows: On January 1, 1915, and for some time prior thereto, Joseph Polacheck and Sigmund Polacheck were doing business as copartners under the firm name of People's Tailoring Company; that on that day, as appears from the books of the partnership, the interest of Joseph Polacheck amounted to $148,713.38, while the interest of Sigmund Polacheck amounted to $137,396.14. On January 25, 1915, Joseph Polacheck died testate. The defendant, Daniel E. Michels, was the executor of his will. His will contained no provision with respect to the continuation of the business. However, the business was continued by the surviving partner, Sigmund Polacheck, and Daniel E. Michels, as executor of the will of Joseph Polacheck, until March 11, 1920, when upon petition of Daniel E. Michels, executor of the estate of Joseph Polacheck, the interest of the estate of Joseph Polacheck, was assigned in equal shares to his daughters, Katie Polacheck Michels, Jessie Polacheck Wetzler, and Lucille Polacheck Michels. Upon the assignment of the estate of Joseph Polacheck as aforesaid, their respective interests were set up on the books of the business and the business was continued. At the time of her death on February 21, 1932, the interest of Lucille Polacheck Michels, according to the books of account, amounted to $57,987.97. On April 16, 1932, the plaintiff was appointed administrator of the estate of Lucille Polacheck Michels and in due course filed an inventory listing among other things the interest of Lucille in the real and personal property of J. and S. Polacheck.

On December 25, 1935, Sigmund Polacheck died testate and in due course letters testamentary were issued to Sophie Polacheck, wife of the deceased, Jean Polacheck, and David Karger, and thereupon the business was continued by the ex-

ecutors of the will of Sigmund Polacheck. Sigmund in his will provided that his executors were to continue the business for the period of ten years. On January 2, 1939, David Karger, one of the executors of the will of Sigmund Polacheck died. Max Karger and Arthur Goldstein were appointed executors of his will. On May 14, 1940, this action was begun. The prayer for relief was as follows:

"1. That an account be taken of all of the partnership dealings and transactions of J. and S. Polacheck from and after January 1, 1915, to the present time, and that an account be made of all of the monies received and paid; and that each of the defendants account for all of the dealings with and transactions in regard to the property, assets and effects of the said J. and S. Polacheck and for all of the dealings with and transactions in regard to the property, assets and effects of said J. and S. Polacheck by Sigmund Polacheck, deceased, and David Karger, deceased, and account for all of the property, assets and effects of J. and S. Polacheck sold or disposed of by them, either as surviving partners or otherwise, and of the monies collected and received and paid out by them on account thereof."

2. That the defendants may be adjudged to pay to the plaintiff as administrator of the estate of Lucille Polacheck Michels that sum which shall appear to be due him as such administrator upon the accounting; and 3, that a receiver be appointed.

Thus it appears from the allegations of the complaint that the plaintiff, in order that her rights may be ascertained and established, seeks an accounting of the business of J. and S. Polacheck from January 1, 1915, to the commencement of this action.

Each of the defendants demurred upon the ground that several causes of action are improperly united. Sec. 263.04, Stats., provides:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. *But the causes of action so united*

*must affect all the parties to the action and not require different places of trial, and must be stated separately."*

In this connection we shall first consider the facts set out in the complaint relating to the liability of Daniel E. Michels. At the time of the death of Joseph Polacheck in 1915, J. and S. Polacheck were equal partners. Upon the death of Joseph Polacheck, Daniel E. Michels was appointed the executor of his will and continued to serve in that capacity until the assignment of the estate to the legatees in 1920. In the complaint (par. 20) it is alleged that pursuant to a scheme and conspiracy Sigmund Polacheck and Daniel E. Michels wrongfully and unlawfully caused certain credits to be passed to the account of Sigmund Polacheck upon the books of account of J. and S. Polacheck, as a result of which the plaintiff's interest in the estate of J. and S. Polacheck was diminished in the sum of $7,999.90. As against Daniel E. Michels this constitutes a distinct and separate cause of action in which none of the defendants except Katie Polacheck Michels and Jessie Polacheck Wetzler have any interest. From the allegations of the complaint it appears that whatever Daniel E. Michels did between 1915 and 1920, he did as executor of the estate of Joseph Polacheck. It is not alleged in the complaint that any part of the property of the J. and S. Polacheck partnership is now or ever was in the possession of Daniel E. Michels. His liability if any is that of a conspirator. The liability of conspirators is joint and several. 15 C. J. S. p. 1028, § 18. A third person conspiring with one partner may be sued alone. *Sterman v. Ziem* (1936), 17 Cal. App. (2d) 414, 62 Pac. (2d) 160; *Schultz v. Frankfort M., A. & P. G. Ins. Co.* (1913) 151 Wis. 537, 139 N. W. 386.

It is further alleged in the complaint that during the period from January 1, 1920, to December 1, 1931, Sigmund Polacheck and Daniel E. Michels wrongfully and unlawfully pursuant to the conspiracy caused certain credits to be passed to the account of Sigmund Polacheck to the damage of the plain-

tiff in the sum of $4,666.66. The facts alleged in this count allege a cause of action in tort against Daniel E. Michels. No judgment rendered in the accounting proceeding could satisfy these claims. Under the allegation these claims are claims against Daniel E. Michels personally and are separate and distinct causes of action.

The fact that these separate causes of action are intermingled in one count does not prevent a demurrer upon that ground. *Karass v. Marquardt* (1939), 230 Wis. 655, 284 N. W. 514. The rule that where two causes of action are intermingled in one count the remedy is by motion to make more definite and certain rather than by demurrer does not apply where the causes of action stated are not joinable. It thus appears that two causes of action are stated, one for an accounting and one for damages by the unlawful acts performed by two of the defendants in a conspiracy to injure the plaintiff and that such actions do not affect all of the parties to the action. The demurrer of the several defendants should have been sustained on the ground that causes of action have been improperly united.

In this connection we call attention to the fact that it does not appear in the complaint in what capacity the defendant, Daniel E. Michels, acted from the time the estate of Joseph Polacheck was assigned to the legatees in 1920 until the death of Sigmund Polacheck in 1935. If he acted as agent or representative of the plaintiff and her sisters then under the allegations of the complaint he was guilty of a breach of duty to the plaintiff and her sisters. This has no relation to the cause of action which is alleged to have accrued by reason of his misconduct as executor. Neither of these claims is any part of an action for accounting. While a fiduciary who administers the property and affairs of another may be subject to an action for an accounting, if the defendant, Daniel E. Michels, is subject to such an accounting, that is a matter concerning him and the legatees of J. Polacheck and constitutes a separate and distinct cause of action.

While the executors of the estate of David Karger, deceased, are proper if not necessary parties, we are unable to spell out of the allegations of the complaint any cause of action against them. It does not appear that they have managed or controlled the business of J. and S. Polacheck since the death of David Karger. On the contrary, it appears there are two surviving executors of the will of Sigmund Polacheck, and upon the death of their coexecutor the powers conferred by the will upon the executors would be exercised by the survivors.

We intentionally refrain from entering into an extended discussion of the facts in this opinion. It is evident that many questions of law lurk in the factual situation now only partially disclosed. These questions should be considered in the light of all the ultimate facts. To attempt to discuss them at this stage of the case would add confusion to a matter which is already sufficiently complex.

*By the Court.*—The order sustaining the demurrer of the defendants, Max Karger and Arthur Goldstein, as executors of the last will and testament of David Karger, on the ground that the same states no cause of action against them, is affirmed.

The order overruling the demurrer of the other several defendants is reversed, and the cause remanded with directions to the trial court to sustain the several demurrers on the ground that there is an improper joinder of causes of action, and for further proceedings according to law.

FRITZ, J., dissents.

The following opinion was filed June 2, 1942:

ROSENBERRY, C. J. (*on motion for rehearing*). The plaintiff moves for an amendment of the mandate in this case on the ground that plaintiff may be entitled to judgment against Max Karger and Arthur Goldstein, as executors of the last will and testament of David Karger, one of the executors of Sigmund Polacheck. We find no allegation to the effect that David Karger ever received any of the partnership property

548

or that his executors have any partnership property in their possession. If David Karger is liable at all it is for breach of duty as executor. If he is so liable that would constitute a separate cause of action and is no part of an accounting action.

*By the Court.*—Motion to amend the mandate in the nature of a motion for rehearing is denied with $25 costs.