ZANDER and wife, Respondents, vs. COLUMBUS FOODS CORPORATION, Appellant.

*September 10—October 22, 1946.*

For the appellant the cause was submitted on the brief of *H. L. Zeidler* of Columbus and *Lueck, Skupniewitz & Lueck* of Beaver Dam.

For the respondents there was a brief by *Markham & Markham* of Horicon, and oral argument by *W. H. Markham*.

BARLOW, J.   The plaintiffs allege in the amended complaint that they are the joint owners of premises therein described, which they have occupied for homestead purposes for more than twenty years immediately preceding the commencement of this action, and that they and the parties under whom they claim title and hold possession have had and held said real

estate and the actual uninterrupted, exclusive, and adverse possession of the same ever since on or about the year 1875 in good faith and under claim of right thereto. The alleged nuisance is then described and judgment demanded that the nuisance be removed and abated and plaintiffs recover damages from the defendant.

Defendant, in its answer to the original complaint, claims that plaintiffs' dwelling house is both a public and private nuisance because it is constructed on a public street known as "Division street" in the city of Horicon, the fee of which is owned by the defendant. In its counterclaims, defendant claims title to at least a portion of the premises on which plaintiffs' dwelling house is constructed, and in its prayer for relief demands that plaintiffs' complaint be dismissed and that plaintiffs be adjudged to remove the dwelling house and other buildings and fences owned by them from lands owned by defendants, and for damages.

The question is whether two causes of action are improperly joined, one to abate a nuisance and for damages, and the other an action to quiet title. The trial court held that the allegations in the amended complaint only set up a cause of action to abate a nuisance and for damages, and overruled the demurrer. It may be conceded that if two causes of action are improperly joined in one complaint the remedy is by demurrer. *Michels v. Michels* (1942), 240 Wis. 539, 546, 3 N. W. (2d) 359, 4 N. W. (2d) 78. The plaintiffs allege possession and ownership of the premises but nowhere in the complaint is there an allegation that defendant claims or appears to claim any interest in them. Without an allegation of title and possession on the part of the plaintiffs the amended complaint would have been demurrable. No demand is made that by reason of this action judgment be entered to quiet title in the names of these plaintiffs. The issue as to title was raised by the defendant in its answer and counterclaims to the original complaint.

In pleading title we find nothing wrong in setting out in the complaint the manner in which title was obtained. An allegation of title and possession in this action is probably sufficient. As the trial court said, pleading the manner of obtaining title could be nothing more than surplusage at best. In *Burnham v. Milwaukee* (1913), 155 Wis. 90, 92, 143 N. W. 1067, this court said:

"A demurrer will not lie to mere surplusage not attempted to be set forth as a separate cause of action, nor to a sentence, nor to a fragment of a cause of action."

To make a cause of action there must be a right in the plaintiff and a violation of it by the defendant. *Franke v. H. P. Nelson Co.* (1914) 157 Wis. 241, 147 N. W. 13. Here plaintiffs plead that the defendant by its manner of operating its pea-canning factory impairs the use and enjoyment of the premises claimed to be owned and occupied by the plaintiffs. There is no allegation in the amended complaint that the defendant is attempting to claim any right or title to the premises in question.

Before it can be determined that two causes of action are improperly united it must be found that two causes of action are pleaded. *Hasbrouck v. Armour & Co.* (1909) 139 Wis. 357, 121 N. W. 157. We agree with the trial court that only one cause of action is stated in the amended complaint.

*By the Court.*—Order affirmed.